DANIEL H. HORTON *vs.* GEORGE W. NEWELL, City Treasurer of the City of Pawtucket.

Unless a municipal corporation has specially authorized an action brought by one of its officials, it is not liable to proceedings for malicious prosecution founded on such action.

When such official brings an action pursuant to statutory authority, the municipal corporation is not liable to proceedings for malicious prosecution founded on such action.

EXCEPTIONS to the Court of Common Pleas.

This action was trespass on the case against the city treasurer of the city of Pawtucket, to recover damages for an alleged malicious suit brought by the tax collector of the city against the plaintiff. A demurrer to the declaration was sustained in the Court of Common Pleas, and the plaintiff excepted.

*January* 2, 1892. PER CURIAM. A municipal corporation is not liable for the acts of its officers unless previously authorized or subsequently ratified by it, or unless done in good faith in pursuance of a general authority to act for the city in the matter to which they relate. *Donnelly* v. *Tripp*, 12 R. I. 97, 98. The declaration does not allege that the city of Pawtucket authorized the suit by Newell in his capacity as tax collector, complained of as malicious, or that it has ever ratified the bringing of the suit. If it was maliciously brought by Newell, it was not brought in *good faith*, which is essential to render the city liable as for an act done in pursuance of a general authority to act for it, under the rule stated above. The demurrer was, therefore, properly sustained.

We presume that Newell, in bringing the suit, acted, not under authority from the city of Pawtucket, but in pursuance of the statutory authority conferred on him as tax collector by Pub. Stat. R. I. cap. 44, § 26. If so, it is difficult to see how the city of Pawtucket is liable.

*Exceptions overruled, and judgment of the Court of Common Pleas affirmed, with costs.*

*Jacob W. Mathewson*, for plaintiff.

*Thomas P. Barnefield*, city solicitor, for defendant.