(November 21, 1910.)

## WILLIAM DOYLE, Appellant, v. CITY OF SANDPOINT, Respondent.

[112 Pac. 204.]

INJUNCTION—WRONGFUL ISSUANCE OF INJUNCTION—DAMAGES CAUSED BY INJUNCTION—MUNICIPAL LIABILITY FOR ISSUANCE OF INJUNCTION.

(Syllabus by the court.)

1. Under the statute of this state, sec. 4291, a municipal corporation is not required to give an undertaking on the issuance of an injunction, and there is no liability upon the part of a municipal corporation for damages sustained in consequence of the issuance of an injunction sued out by such municipal corporation.

2. Where no bond or undertaking is required on the issuance of an injunction, there can be no liability for damages sustained on account of the injunction, unless the injunction was obtained maliciously and without probable cause.

3. A municipal corporation cannot be held for the maliciously suing out of a writ of injunction without probable cause, for the reason that such an act would be *ultra vires* and beyond and without the scope of authority of the municipal officers, and would become the personal and individual act of the officers so acting.

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. Robert N. Dunn, Judge.

Action by the plaintiff to recover damages sustained by reason of the wrongful issuance of an injunction. Judgment for defendant and plaintiff appealed. *Affirmed.*

W. C. Jones, and E. W. Wheelan, for Appellant.

After a very diligent search of the authorities we are unable to find any case in which a party which was exempted by law from giving a bond has sought to escape its liability for damages resulting from the wrongful issuance of an injunction, on the ground that the action was not brought on a bond that never existed and under the law could not exist. The only authority which we have been able to find which even discusses the question is *Gorton v. Brown,* 81 Am. Dec. 245.

A municipal corporation which transacts its business through a legislative body, to wit, the municipal council, cannot be charged with malice, and if the position of defendants can be sustained, it results that no matter what damage such a corporation may do by a wrongful injunction, the injured party is absolutely without remedy. *Hubble v. Cole,* 88 Va. 236, 29 Am. St. 716, 13 S. E. 441, 13 L. R. A. 311, holds squarely that a suit on the bond is only an accumulative remedy, and cites many authorities to sustain its position.

Herman H. Taylor, and B. S. Bennett, for Respondent.

In the early history of equity jurisprudence, preliminary injunctions were often issued without requiring a bond, and upon the dissolution of the injunction which had been wrongfully sued out, the defendant had no remedy other than an action for malicious prosecution. (10 Ency. Pl. & Pr. 1012; 16 Ency. of Law, 429–440; 22 Cyc. 1061.) A practice then grew up in courts of equity requiring the complainant to give a bond to indemnify the defendant against whom the injunction was sought, and thus a new liability arose, but such liability was dependent entirely upon the obligation exacted from the plaintiff, and without some security given before the injunction was granted, the defendant even then had no remedy for any damages he might sustain from the issuing of the injunction, unless the conduct of the plaintiff was such as to give ground for an action for malicious prosecution. (16 Am. & Eng. Ency. of Law, 440, citing a large number of cases in the notes; *Palmer v. Foley,* 71 N. Y. 106; *Russell v. Farley,* 105 U. S. 433, 26 L. ed. 1060; *Gorton v. Brown,* 27 Ill. 489, 81 Am. Dec. 245; *Lexington etc. R. Co. v. Applegate,* 8 Dana (Ky.), 289, 33 Am. Dec. 497.)

The statute clearly exempts the state or a municipal corporation from undertaking to pay damages, costs and counsel fees where a temporary injunction is granted to them. (3 Elliott on Ev., 1969.)

The sole remedy of the defendant is upon the bond given as a condition precedent to the securing of the writ of injunction; such remedy is not cumulative, but is the only

security the defendant has, unless the writ is sued out maliciously. (*Hayden v. Keith,* 32 Minn. 277, 20 N. W. 195.)

There is an action in the nature of an action on the case for trespass upon a showing of malice and want of probable cause, entirely independent of any action that the party aggrieved might have upon the bond or undertaking in case one were given. (*Asevado v. Orr,* 100 Cal. 293, 34 Pac. 777; 16 Ency. of Law, 440; 10 Ency. Pl. & Pr. 1118; *Hess v. German Baking Co.,* 37 Or. 297, 60 Pac. 1011.)

AILSHIE, J.—This action was commenced by appellant against the city of Sandpoint to recover damages for the issuance and wrongful continuance of an injunction, preventing the use of a certain building owned by him situated in the corporate limits of the defendant city. The original action in which the injunction issued was instituted by the city against Doyle to enjoin and restrain him from connecting his building with a bridge constructed and maintained by the city along and over the street in front of the building. That case was finally determined by this court adversely to the city. (*Village of Sandpoint* v. *Doyle,* 14 Ida. 749, 95 Pac. 945, 17 L. R. A., N. S., 497.) Under the provisions of the statute, sec. 4291, Rev. Codes, "On granting an injunction, the court or judge must require, except when the state, a county, or municipal corporation, or a married woman in a suit against her husband, is a party plaintiff, a written undertaking on the part of the plaintiff, with sufficient sureties to the effect that the plaintiff will pay to the party enjoined such costs, damages and reasonable counsel fees, not exceeding an amount to be specified, as such party may incur or sustain by reason of the injunction, if the court finally decide that the plaintiff was not entitled thereto."

It will be observed from the provisions of the foregoing section that the city comes within the excepted class, and was not required to give an undertaking on the issuance of an injunction, and so no undertaking was required or given by the city on the suing out of the injunction in the case of *Sandpoint v. Doyle.*

The question with which we are confronted in this case is whether a municipal corporation is liable for damages for wrongfully suing out a writ of injunction or wrongfully caus- ing the same to be continued in force. It is clear to us that as to any party specifically excepted from the operation of the statute, there can be no liability for damages unless it be alleged and proven that the injunction was procured mali- ciously and without probable cause. (22 Cyc. 1061.) It is well established by the authorities that damages caused by an injunction, erroneously granted in the exercise of jurisdiction where the proceedings have been regular, cannot be recovered from the party who obtained the writ in the absence of a bond or undertaking, unless it be shown that the transaction was malicious and without probable cause. (*Mark v. Hyatt,* 135 N. Y. 306, 31 N. E. 1099, 18 L. R. A. 275; *Asevado v. Orr,* 100 Cal. 293, 34 Pac. 777; *Hess v. German Baking Co.,* 37 Or. 297, 60 Pac. 1011; *Columbus, Hocking Valley etc. Co. v. Burke,* 54 Ohio St. 98, 43 N. E. 282, 32 L. R. A. 329; *Cox v. Taylor,* 10 B. Mon. (Ky.) 17.)

In the note to *Mark v. Hyatt,* 18 L. R. A. 275, the editor says: "The law is well settled that no right of action exists for damages sustained in consequence of an injunction except when founded upon an injunction bond or undertaking, unless the injunction was obtained maliciously and without probable cause." A large number of authorities are cited in support of that statement. In *Robinson v. Kellum,* 6 Cal. 399, the court says: "An action on the case will not lie for improperly suing out an injunction, unless it is charged in the declara- tion as an abuse of the process of the court through malice, and without probable cause. If the act complained of is destitute of these ingredients, then the only remedy of the injured party is an action upon the injunction bond, which is specially provided by the statute as a protection against in- jury, even without malice." This case is cited and quoted from with approval in *Asevado v. Orr, supra.*

It will be observed that where the statute requires an un- dertaking on the issuance of an injunction it obligates the plaintiff and sureties "to the effect that the plaintiff will

pay to the party enjoined such costs, damages and reasonable counsel fees, not exceeding the amount to be specified, as such party may incur or sustain by reason of the injunction, if the court finally decide that the plaintiff was not entitled thereto.'' The statute therefore provides in those cases for the recovery of damages by the defendant, irrespective of the question of ''malice'' or ''probable cause,'' in the event ''the court finally decide that the plaintiff was not entitled'' to the injunction. On the other hand, as may be seen from an examination of the authorities, it is firmly established that in the absence of an undertaking, the only liability against the party suing out the injunction is for damages caused where the injunction was procured through malice and without probable cause. In the present case, the action is not prosecuted on the grounds of malice, but the suing out of the writ of injunction and continuing it in force from the time of its issuance is alleged as the cause of the damage, and the damages demanded are the usual damages allowed and recoverable under the statutory undertaking. It is clear that such an action cannot be maintained.

It is argued by counsel for appellant that the state, a county, municipal corporation, or married woman is, under the provisions of that section, just as liable for damages resulting from the wrongful or erroneous issuance of an injunction as is anyone who gives an undertaking under the provisions of the statute, and that the only purpose of the exception was to avoid the inconvenience and annoyance that might be entailed on the state, county or city officer or a married woman, in case they were required to secure an undertaking before the writ would issue. It is further contended by counsel that an undertaking on the part of the excepted classes would not add anything to the security. We cannot agree to this line of reasoning. In the entire absence of this statute, there would be no liability for the wrongful or erroneous suing out a writ of injunction, except in cases where a court of equity might see fit to require a bond in advance. In the absence of the statute it is, therefore, clear that the state, county and municipal corporation would not

be liable as on bond. It is equally certain that this statute does not require them to give a bond or declare that they shall be liable, the same as an individual, although they do not give a bond. The reasons for the enactment of this statute might be the subject of much speculation, but we are inclined to think that it was the legislative purpose to exempt the public from such liability, whether they be acting as a state, a county, or a municipal corporation, and that it was considered by the law-making power that since an injunction procured by a municipal corporation must be sought and procured through executive or administrative officers who can have no personal interest in the matter except the discharge of their public duties; and the writ, if granted at all, must be granted by the judicial department of the state—that with these two means of investigation and two branches of the state government passing upon the matter the chances of damages occurring to the individual would be minimized, and that no liability should be imposed on the public for any error or misjudgment on the part of the officers, both executive and judicial, so act-ing. Primarily and theoretically, it is supposed, as a prin-ciple of law, that the public, whether it be the state, a county, or municipal corporation, acting through its duly constituted officers, will not commit any wrong against the citizen. This will be true in practice as well as theory so long as the officers who represent the public do not fall into any errors, either of omission or commission. Experience has shown, however, that the latter is largely a theory and not always a fact.

Now, if the plaintiff had commenced this action charging the city of Sandpoint with having procured the injunction maliciously and without probable cause, he would, it seems to us, fail, for the reason that the municipality could not be guilty of procuring a writ of injunction maliciously. If the officers of the city acted maliciously and without probable cause in suing out the writ, the act would be that of the in-dividuals and not of the municipality. To act maliciously would be outside of the scope of official duty and authority and would become the personal act of the individual for which he and not the city would be responsible. (*Horton v. Newell,*

17 R. I. 571, 23 Atl. 910; *Kansas City v. Lemen,* 57 Fed. 905, 6 C. C. A. 627; 1 Smith Modern Law of Munic. Corp., sec. 811.)

The judgment of the trial court should be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Sullivan, C. J., concurs.