[No. 18227.   Department One.   January 7, 1924.]

JAKE WOOD et al., Respondents, v. N. A. ROLFE et al., Appellants.[1]

MALICIOUS PROSECUTION (4, 15)—PROBABLE CAUSE—MALICE—EVIDENCE—SUFFICIENCY.  A finding of malice in an action for malicious prosecution and false imprisonment, is sustained by evidence of threats of litigation which culminated in the arrest.

MUNICIPAL CORPORATIONS (404)—TORTS—MALICIOUS PROSECUTION—LIABILITY OF OFFICERS.  The city is not liable for the act of its mayor in instituting a malicious prosecution.

MALICIOUS PROSECUTION (9)—TORTS (4)—CIVIL LIABILITY—JOINT TORT FEASORS.  It is no defense to an action for malicious prosecution that another was jointly liable, since joint tort feasors may be sued separately or jointly.

RELEASE (6)—JOINT TORT FEASORS—JOINT AND SEVERAL LIABILITY. The verdict in an action for malicious prosecution and false imprisonment releasing one of the defendants, who acted merely at the direction and authority of his co-defendants, does not have the effect of releasing the other defendants who were liable for the tort.

MALICIOUS PROSECUTION (17)—DAMAGES—EXCESSIVE VERDICT.  The award of $500 for a malicious prosecution and false imprisonment will not be held excessive, although there was but little mental suffering, humiliation or disgrace and no bodily pain or injury to credit (MACKINTOSH, J., dissenting).

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered March 16, 1923, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for malicious prosecution. Affirmed.

[1]Reported in 221 Pac. 982.

*John Pattison,* for appellants.

*E. B. Quackenbush* and *J. S. McDonald,* for respondent.

HOLCOMB, J.—Several suits at law had been instituted by the city of Cheney against respondents, and more had been threatened or promised by appellant Rolfe, while city mayor, against them, when, on a certain day, persons acting for the city, as contended by appellants, undertook to haul some sand away from premises which had been decreed to belong to the city. Respondents lived on or near the premises which had been in dispute between them and the city, and on the day in question, Mrs. Wood verbally protested against hauling away the sand. An altercation occurred between her and the men, who were in charge of one Hensinger, who seems to have been deputy marshal of Cheney, also an employee of Rolfe and Webb, and also a deputy sheriff of Spokane county. The sand probably belonged to the city and not to respondents, as they claim. The altercation resulted in Hensinger going to the telephone, as testified to by Mrs. Wood, calling up Rolfe, and resulted in Rolfe instructing Hensinger to arrest Mrs. Wood if she said a word. Hensinger accordingly arrested Mrs. Wood, took her into Cheney, and there a complaint was sworn out against her by Webb, charging her with "disturbing the peace and trespass." Upon the complaint being filed, she was not incarcerated, but was released upon her own recognizance at the instruction of appellant Rolfe and went her way. Two days afterwards she was discharged from custody and the complaint dismissed, although, according to her testimony, over her protest, she demanding a trial.

Subsequently, she and her husband brought this action against Rolfe and Webb, as copartners doing

business under the firm name and style of Fish Lake Improvement Company, and Hensinger, for damages in the sum of $10,025 for malicious prosecution and false imprisonment, and alleged that all the defendants conspired and combined together to bring about her arrest and detention, and that the arrest and detention were without legal right or authority, and without a warrant and maliciously sued out without probable cause. It was alleged by respondents that they were obliged to incur an expense of $15 to employ an attorney for the defense of Mrs. Wood, and to spend two days preparing for trial, the loss of time being reasonably worth the sum of $10, and that respondent Mrs. Wood was greatly injured in her credit, standing and reputation, and brought into public scandal, infamy, humiliation and disgrace and suffered great mental anguish and pain of mind and body, to her great damage in the sum of ten thousand dollars.

Upon a trial to the court and a jury, the jury exonerated the defendant Hensinger, but awarded a verdict in favor of respondents against the appellants in the sum of $500.

Appellants strenuously contend that the evidence in the case warranted no finding of malice or of want of probable cause, and that the jury should have been so instructed, or that the court should have granted their motion for nonsuit, their motion for judgment n. o. v., or their motion for a new trial.

While the evidence is conflicting, there is ample evidence introduced on behalf of respondents to show that appellant Rolfe had threatened more litigation for respondents, had threatened to put them to great expense by compelling them to defend litigation, which culminated in the arrest complained of. There was, therefore, sufficient evidence of actual malice on the

part of Rolfe. *Waring v. Hudspeth,* 75 Wash. 534, 135 Pac. 222.

Appellants contend, however, that whatever Rolfe himself or his associate did was done on behalf of and as the act of the city of Cheney, and that therefore there was no malice or unwarranted arrest brought about by appellants.

The city could not be bound by its mayor's act in maliciously instituting and prosecuting a criminal case without probable cause, for that would be the individual act of the person so causing such prosecution, and not the act of the city. *Doyle v. City of Sandpoint,* 18 Idaho 654, 112 Pac. 204, Ann Cas. 1912A 210, 32 L. R. A. (N. S.) 34; *City of Chicago v. Williams,* 182 Ill. 135, 55 N. E. 123.

In any event, if the city could be held liable for such unjustifiable prosecution, the city and Rolfe could both be held liable, and the injured party could sue either one or both, separately or jointly. *Mitchell v. Hughes,* 104 Wash. 231, 176 Pac. 26.

It is further contended that the release of Hensinger by the jury had the effect of releasing his co-defendants. Hensinger was the person who made the arrest, but the evidence showed on behalf of respondents that Hensinger acted merely at the direction and under the authority of Rolfe, and while he might have been held liable with his co-defendants as one of the conspirators, his release would not necessarily have the effect of releasing the other defendants, who were shown to be liable for the tort. 6 A. & E. Ency. Law (2d ed.), 872. The injured party may pursue all or any number jointly less than the whole number committing the tort. *Mitchell v. Hughes, supra.*

Exceptions were taken to several instructions and portions of instructions by appellants, which are set

forth in the brief of appellants, but no arguments are made thereon, appellants apparently relying upon their theory of the law as set forth in their assignments of error, that there was no showing of want of probable cause or of malice and that the jury should have been instructed accordingly, a nonsuit granted, or the verdict set aside. Since there was sufficient evidence to go to the jury of collusion or conspiracy between appellants out of which arose the prosecution, and that the prosecution was unfounded and was abandoned, we shall not notice any alleged error in the instructions.

Many of the questions argued by appellants under their assignments are answered by our decision in *Mitchell v. Hughes, supra.*

Appellants also complain of the size of the verdict. Although an examination of the record shows that there was apparently little mental suffering, humiliation, disgrace, and no pain of body suffered by Mrs. Wood, and no evidence of injury to her credit, the award of $500, although extremely large, does not appear to be so excessive as to give evidence of passion or prejudice on the part of the jury. The trial court having permitted it to stand, we shall not interfere with it.

Finding no error, the judgment is affirmed.

MAIN, C. J., TOLMAN, and PARKER, JJ., concur.

MACKINTOSH, J. (dissenting)—Nominal damages are all that the respondents are entitled to if a judgment against the appellants is to be allowed to stand.