## CORPUS CHRISTI GAS CO. v. CITY OF CORPUS CHRISTI.

District Court, S. D. Texas, at Corpus Christi.
January 2, 1930.

### No. 135.

Templeton, Brooks, Napier & Brown, of San Antonio, Tex., for plaintiff.

Boone & Savage, of Corpus Christi, Tex., for defendant.

HUTCHESON, District Judge. Plaintiff sues the defendant, a municipal corporation, for damages resulting to plaintiff from the wrongful suing out of a temporary injunction.

The petition alleges that, upon the petition of the city of Corpus Christi for a temporary injunction, there was, on March 1, 1923, indorsed the following fiat:

"Hearing on the within application is set down before me at the Court House, in Corpus Christi, Texas, on Saturday March 3, 1923, at 2:30 P. M. and notices are hereby ordered issued to the within named parties of the time and place for such hearing, at which time and place they may appear and take such action in the premises as they deem fit. In the meantime, and pending such hearing and further orders herein, the within named parties, and each of them, are hereby temporarily restrained from doing any of the acts complained of herein."

In pursuance of such fiat, temporary restraining order issued, which restraining order was kept in force by orders issued from time to time, until June 15, 1925, when the case coming to trial on the merits, the following order was entered:

"It is further ordered, adjudged and decreed by the Court that the restraining order issued by the judge of this Court on the first day of March, 1923 and continued in effect by subsequent orders of the court be, and the same is, hereby perpetuated and in all things made permanent, and that the defendants be, and they are hereby, perpetually restrained and enjoined etc."

It will be noted that the temporary restraining order contained neither terms, limitations, nor restrictions, nor did it fix the amount of the bond to be given by applicant as a prerequisite to the issuance of the writ.

Plaintiff further alleges that the charter provision exempting the city of Corpus Christi from giving a bond reads as follows:

"It shall not be necessary, in any action, suit or proceeding in which the City of Corpus Christi is a party, for any bond, undertaking or security to be demanded or executed by or on behalf of said City in any of the state courts, but in all such actions, suits appeals or proceedings shall be conducted in the same manner as if such bond, undertaking or security had been given as required by law, and said City shall be just as liable as if security of bond had been duly executed."

The defendant, leveling a general demurrer at the petition, asserts that it shows no cause of action, because either the order issued by the court was not a temporary injunction as prayed for by plaintiff, but merely a temporary restraining order issued on the judge's motion to preserve the status quo pending hearing, and therefore the city was not chargeable with its issuance, or, if it was the temporary injunction prayed for, it was void because issued in violation of the statutes without requiring bond, and compliance with it by plaintiff in this suit was not a compelled, but a voluntary, act, and therefore damnum absque.

The defendant urges as a further and broader ground of demurrer that liability for the suing out of an injunction springs from and arises alone out of conditions imposed by the chancellor upon the granting of the writ and the fixing by him of a bond or undertaking as a prerequisite to its issuance, and that, no conditions having been fixed, or undertaking required, the case fails.

On the first two points there is much contention between plaintiff and defendant; defendant citing many authorities on the point that the order was not a temporary injunction, but a mere restraining order, Ex parte Rains, 113 Tex. 428, 257 S. W. 217; Robinson v. Theis (Tex. Civ. App.) 252 S. W. 249; Hudson v. Sunshine Oil Corp. (Tex. Civ. App.) 245 S. W. 765; Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14; the plaintiff asserting that, it having been continued in force until the trial of the suit, however it was nominated in the order, it was by the force of the statutes of Texas and of the fact that it was continued in force until the trial of the suit a temporary injunction.

In support of its second point, defendant cites Ex parte Coward, 110 Tex. 587, 222 S. W. 531, holding that the issuance of a temporary injunction without requiring a bond makes the order void and wholly without force or effect.

This plaintiff concedes to be the ordinary rule, but it seeks to avoid its application here upon the ground that the charter provision exempting the city from bond prevented the judge from fixing bond as a prerequisite to the injunction.

In view of the fact that I concur with defendant in its third contention, that there can be no liability in the absence of an order of court requiring an undertaking or bond, it will not be necessary for me to determine whether the order complained of was a temporary restraining order, as opposed to a temporary injunction.

Except in Louisiana, it is the rule generally in the United States that it is the order of the judge fixing the conditions for granting the injunction, and not the suing of it out, which is the spring of liability. Tenth Ward Road District v. T. & P. R. R. (C. C. A.) 12 F.(2d) 245, 45 A. L. R. 1513; Doyle v. City of Sandpoint, 18 Idaho, 654, 112 P. 204, 32 L. R. A. (N. S.) 34, Ann. Cas. 1912A, 210; City of Yonkers v. Federal Sugar Refining Co., 221 N. Y. 206, 116 N. E. 998; Strong v. Duff, 228 Ky. 615, 15 S.W.(2d) 517.

This plaintiff concedes, but it contends that the charter provision exempting the city from giving bond, and providing that it shall be liable just as though such bond had been given, taken in connection with the statutes of Texas governing the issuance of injunction, makes liability here not against, but in accordance with, the rule, and that in the light of these statutes the injunction order in question must be construed as having had written into it the requirement as a condition to its issuance, that the city of Corpus Christi will pay "all sums of money which may be adjudged against it, if the injunction be dissolved in whole or in part."

This position, in effect imposing unlimited liability upon a city whenever an order issues on temporary injunction without a recitation of the conditions imposed, defendant vigorously dissents from, on the ground that this is the creation of a cause of action by implication as against a city, which cannot arise except by express provision against others, and on the further ground that such construction grossly discriminates against a city by imposing upon it full liability, when in the case of the ordinary injunction plaintiff the liability is limited to the undertaking.

Plaintiff, realizing that, unless it can maintain that the liability of the plaintiff in an injunction is not measured by the amount of the bond, it will be unable to maintain the action here for want of certainty, cites in support of its position that the liability of the principal in an injunction undertaking is unlimited, Miller Surfacing Co. v. Bridgers (Tex. Civ. App.) 269 S. W. 838, and Castleman v. Williams (Tex. Civ. App.) 263 S. W. 638, and, conceding that the rule in the federal court and in the courts generally is that liability is not only fixed by, but limited to, the amount of required bond, declares that this is a case arising out of the issuance of an injunction by a Texas court, and must be governed by the Texas rule.

The only decisions cited by plaintiff are those of intermediate courts, which under the settled law do not establish a state rule binding upon this court.

An examination of the law as declared in the federal and state courts elsewhere convinces me, not only that I am bound by the decisions of the federal courts on this point, but that those decisions are in accord with both reason and the weight of authority, and that plaintiff's right of recovery depending upon the fixation of an amount by the court issuing the injunction must fail here for uncertainty.

In addition, and wholly apart from this point, plaintiff's suit must fail because the statutes of Texas prescribe the conditions under which an injunction may be issued and liability for its dissolution may be asserted, which conditions, peremptory and exclusive, must expressly appear, and cannot be supplied by implication. These statutes (Rev. St. Tex. 1925) are:

Article 4647: "No writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge

974

verified by his affidavit and containing a plain and intelligible statement of the grounds for such relief."

Article 4648: "If it shall appear to the judge from the facts stated in the petition that the applicant is entitled to the writ, he shall indorse thereon or annex thereto his written order directing the clerk of the proper court to issue the writ of injunction prayed for, upon such terms and under such modifications, limitations and restrictions as may be specified in said order. The judge shall also specify in such order the amount of the bond to be given by the applicant as a prerequisite to the issuance of the writ."

Article 4649: "Upon the filing of the petition and order of the judge and before the issuance of the writ of injunction, the complainant shall execute and file with the clerk a bond to the adverse party, with two or more good and sufficient sureties, to be approved by such clerk in the sum fixed in the order of the judge granting the writ, conditioned that the complainant will abide the decision which may be made therein, * * * and that he will pay all sums of money and costs that may be adjudged against him if the injunction be dissolved in whole or in part."

Plaintiff then, being in the position of seeking to hold the city by implication on an obligation which must be express in principle and exact in its terms, must fail.

An order sustaining the demurrers and directing that, unless plaintiff amends within the time named in the order, the suit will be dismissed, will therefore be prepared and presented.