Burke, J. (dissenting).
With the exception of California (Dawson v. Martin, 150 Cal. App. 2d 379; Hardy v. Vial, 48 Cal. 2d 577) and the Federal courts (Spalding v. Vilas, 161 U. S. 483; Gregoire v. Biddle, 177 F. 2d 579, cert. den. 339 U. S. 949; Laughlin v. Rosenman, 163 F. 2d 838) all other jurisdictions in this country, in common with the overwhelming number of jurisdictions in the free world, take the position that malice or dishonesty of purpose can transform an otherwise privileged act of an administrative official into one for which personal liability may ensue (Cobb v. City of Malden, 202 F. 2d 701, 707; Speyer v. School Dist. No. 1, 82 Col. 534; Wadsworth v. Town of Middletown, 94 Conn. 435; Leong Yau v. Carden, 23 Hawaii 362; McCormick v. Burt, 95 Ill. 263; Rehmann v. City of Des Moines, 204 Iowa 798; Tillotson v. Fair, 160 Kan. 81; Tanner v. Stevenson, 138 Ky. 578; Donahoe v. Richards, 38 Me. 379; Maurice v. Worden, 54 Md. 233; Roerig v. Houghton, 144 Minn. 231; Hester v. Miller, 11 N. J. Super. 264; Schwartz v. Heffernan, 304 N. Y. 474; State ex rel. Hedgepeth v. Swanson, *834 223 N. C. 442; Zimbelman v. Atkinson, 54 Ohio L. Abs. 47 [Ohio App.]; Peterson v. Cleaver, 124 Ore. 547; Atkinson v. Birmingham, 44 R. I. 123; Wood v. Rolfe, 128 Wash. 55; Hatfield v. Graham, 73 W. Va. 759).
In New York, the leading case is Schwartz v. Heffernan (304 N. Y. 474, supra). There, in a suit against the individual members of the Board of Elections for willfully refusing to place plaintiff’s name on the ballot even though he had procured the necessary number of signatures, we upheld the complaint as stating a cause of action. At the very least, the case stands for the proposition that an ordinarily privileged act may become actionable if it is the product of malice rather than a fair or negligent mistake and therefore decides the issue presented here. (See, also, Schuster v. City of New York, 5 N Y 2d 75.)
Apart from this precedent there exists a further compelling reason for sustaining the complaints here. Even if it could be said that these respondents were otherwise immune, because of a discretionary power to do what is necessary or proper, once the appellants returned from Special Term armed with an order finding that the inspector did not possess a discretionary power and compelling issuance of the permit forthwith, it is impossible to treat any further refusal to comply as privileged; at this stage, all possible element of judgment or discretion had been removed and the respondents’ only course of action was to obey the order. Were appellants still seeking to compel the issuance of the permit, the fact that the ordinance, as now amended, no longer authorizes the proposed use might be a bar to such an action; however, it is of no importance in the present suit. Here damages are sought for the alleged willful and malicious refusal to grant the permit under the ordinance in effect in 1955. The majority overlooks the finding of the Appellate Division in the case of Matter of Dengeles v. Young (3 A D 2d 758) which involved these very acts of the Building Inspector. There the Appellate Division found that the inspector ‘ willfully refused to grant the permit, and misled and hindered ” appellants.
For the law to sanction and in fact assist in the willful and malicious use of administrative power to the damage of an individual contributes nothing to increased efficiency in the administrative agencies. To put unbridled powers in the hands of administrative officials places the most prized of our rights at the mercy of the most unscrupulous officials.
*835 Taking all of the allegations asserting willful, malicious and tortious conduct to be true, as we must on a motion to dismiss, the sole question presented is whether damages resulting from the willful and malicious acts of an administrative official or body are recoverable in a civil action. The actions complained of are, first, the refusal of respondents to issue a building permit to erect a diner even though the Town of Hempstead Building Ordinance specifically authorized the erection of restaurants in the zoned area and in fact had approved applications for the erection of diners under this same ordinance on numerous occasions in the past, and, second, the further refusal of respondents to issue the permit even after appellants had secured a court order compelling issuance forthwith. Respondents maintain that their actions are cloaked in immunity such that the courts of this State are powerless to redress any wrong which may have occurred.
While sound policy reasons underlie the extension of immunity to those officials charged with making decisions common to both the judicial and legislative organs of government, these considerations provide no license for the intentional misuse of power by such administrative officers as building inspectors.
Respondents argue that their determination here was quasi-judicial in that it necessarily involved an interpretation of whether the word “ restaurant ” in the ordinance authorized the erection of a diner. Had this been the first instance in which respondents were faced with an application involving a diner, some credence might be given to this argument. However, since it is alleged that on numerous occasions in the past these same respondents, operating under the same ordinance, had approved applications calling for the erection of diners, it seems that the question of whether diners qualified under the term “ restaurant ” Avas well settled at the time appellants sought their permit. This being true, the only duty remaining to respondents was the purely ministerial one of issuing the permit; this, the appellants allege, they maliciously and willfully refused to do.
Tn East Riv. Gas-Light Co. v. Donnelly (93 N. Y. 557), cited by the majority in the Appellate Division, the eAddence warranted the finding that the defendant had, in fact, performed a quasi-judicial act of discretion in refusing to issue a contract to the lowest bidder, since this qualification alone did not meet *836 the test of the statutes. But in setting forth the law, the court stated on page 560: “ We agree with the General Term that a cause of action is not made out. If the defendants had found and decided, after such process of investigation and comparison as they thought necessary to make, that the plaintiff was in fact the bidder who answered the call of the statute, and after that determination, had refused to enter into the contract, a case would have been presented over which a court, even in favor of a private suitor, might perhaps have cognizance.” (Emphasis supplied.)
The alleged acts of the defendants fall fully within this language of this court in the East River case. The Chief Building Inspector had made a determination that plaintiff was entitled to the permit by reason of the fact that Ms application was in order yet refused in violation of the ordinance and the order of the Supreme Court to perform the purely ministerial act of issuing the permit. (See Prosser, Torts [2d ed.], § 109, pp. 781, 782, 783, 284.) The nature of the acts here complained of should properly be determined from evidence adduced on a trial.
The order of the Appellate Division should be reversed.
Order affirmed, etc.