Argued 24 April; decided 12 May, 1900.

## HESS v. GERMAN BAKING COMPANY.

[60 Pac. 1011.]

ABUSE OF PROCESS—MALICE—PROBABLE CAUSE.

In an action to recover damages for wrongfully suing out an injunction, malice and want of probable cause must be alleged and proved.

From Multnomah:  E. D. SHATTUCK, Judge.

Action by Elizabeth Hess, administratrix, against the Oregon German Baking Co.  From a judgment for plaintiff, defendant appeals.                REVERSED.

For appellant there was a brief over the name of *Cake & Cake.*

For respondent there was a brief over the name of *Flegel & Stanislawsky.*

MR. JUSTICE BEAN delivered the opinion of the court.

This is an action to recover damages alleged to have been sustained by the wrongful issuance of an injunction in a suit brought by the defendant corporation against the plaintiff's intestate. As originally filed, the complaint contained an allegation that such suit was malicious and without probable cause; but after the jury had been impaneled, and before any testimony was offered, the court, on motion of the plaintiff's counsel, struck out the allegations therein charging malice and want of probable cause, on the ground that an injury suffered by a malicious prosecution dies with the person injured. The defendant thereupon objected to the admission of any testimony, because the complaint as thus amended did not state facts sufficient to constitute a cause of action, which was overruled. Motions for nonsuit and for judgment notwithstanding the verdict were afterwards made for the same reason, and overruled. We have, therefore, presented the simple question as to whether an action will lie to recover damages from a party who wrongfully sues out a writ of injunction, without alleging and proving malice and want of probable cause. It is an elementary rule of law that no action can be maintained for an injury caused by legal proceedings, except the process of the court is abused through malice and without probable cause. The established remedies are open to every litigant, without penalty, except costs and such damages as are incident to the remedy chosen, unless they are resorted to for the purpose of harassing or injuring the defendant. "It is well settled," says CHALMERS, J., in *Manlove* v. *Vick*, 55 Miss. 567, "both at common law and under statutory provisions requiring the giving of bonds as conditions precedent to obtaining certain statutory writs, that no action can be maintained against the

party issuing the writs, except by showing malice and want of probable cause in their issuance. For the wrongful bringing of the common law actions, the compensation to the defendant is the recovery of costs. In the other class of actions the recovery of damages sustained must be upon the bond given by the party who invoked the statutory writ.'' This is the rule laid down by all the authorities : 10 Enc. Pl. & Prac. 1118 ; *Burton* v. *St. Paul, etc. Ry. Co.* 33 Minn. 193 (22 N. W. 300); *Robinson* v. *Kellum*, 6 Cal. 399 ; *Keber* v. *Mercantile Bank*, 4 Mo. App. 195 ; *King* v. *Montgomery*, 50 Cal. 115 ; *Lawrence* v. *Hagerman*, 56 Ill. 68 (8 Am. Rep. 674); *Lindsay* v. *Larned*, 17 Mass. *190. There is some conflict between them as to whether the common law remedy is not merged in the action upon a bond given under a statute to cover damages, but that question is not involved here. It follows that the judgment of the court below must be reversed, and it is so ordered.    REVERSED.