Argued November 3, modified and remanded November 30, 1972

# PEARSON ET UX, *Respondents, v.* SIGMUND ET AL, *Appellants.*

503 P2d 702

*Ralf H. Erlandson,* Milwaukie, argued the cause and filed the briefs for appellants.

*James W. Young,* Forest Grove, argued the cause for respondents.

TONGUE, J.

This is a suit for an injunction against further cutting and removal of timber under a contract for the sale of such timber. Plaintiffs' complaint also demanded payment of $10,000 allegedly due under that contract. After the issuance of a preliminary injunc-

tion, defendants filed a counterclaim for damages, including attorney fees, for the issuance of a wrongful injunction and for breach of contract, as well as damages for wrongfully representing that there was "suitable ingress and egress for the purposes of removing timber * * *."

The trial court denied relief to both parties, but held that defendants were entitled to proceed with the cutting and removal of timber under terms as stated in the decree. Defendants appeal from the denial of their counterclaim for damages, including attorney fees. Plaintiffs did not cross-appeal. Defendants then proceeded with the further cutting and removal of timber.

■ Plaintiffs have moved to dismiss defendants' appeal on the ground that defendants could not both appeal from the decree of the trial court and also accept its benefits. It appears, however, that the provisions of the decree denying plaintiffs' demand for an injunction and setting forth terms for the further cutting and removal of timber (from which plaintiffs did not appeal) are severable from provisions of the decree denying defendants' counterclaim. It also appears that the further cutting and removal of timber under the terms of the decree is not inconsistent with defendants' demand for damages, including attorney fees, for plaintiffs' previous wrongful interference with defendants' previous cutting and removal of timber. It follows, under the rule of *Vaughan et ux v. Wilson et al,* 203 Or 243, 247, 273 P2d 991, 279 P2d 521 (1955), and *Hofer v. Hofer,* 244 Or 88, 92-96, 415 P2d 753 (1966), that defendants are entitled to appeal from the provisions of the decree which denied their counterclaim and, at the same time, to proceed with the further

cutting and removal of timber under other provisions of the same decree.[1]

■ We also hold, on the merits, that having found that plaintiffs are not entitled to an injunction against defendants to restrain them from cutting and removing timber, it follows that the preliminary injunction was wrongful and that defendants are entitled to such damages, including attorney fees, as was proved by them on trial.

ORS 32.020 provides:

"An injunction may be allowed by the court, or judge thereof, at any time after the commencement of the suit and before decree. Before allowing the injunction, the court or judge shall require of the plaintiff an undertaking, with one or more sureties, to the effect that he will pay all costs and disbursements that may be decreed to the defendant, and *such damages,* not exceeding an amount therein specified, *as he may sustain by reason of the injunction if the same be wrongful or without sufficient cause."* (Emphasis added)

■ It has long been the rule in Oregon that the time and money expended by a person in securing the vacation of a wrongful preliminary injunction, including attorney fees expended for that purpose (but not to defend the trial on its merits), are proper items of damage in such a case and that injury to the business of such a person is also a proper item of damage. *Reed v. Brandenburg,* 72 Or 435, 439, 143 P 989 (1914), and *Olds v. Cary,* 13 Or 362, 366, 10 P 786 (1886). See

_____

[1] See also Gas-Ice Corporation v. Newbern, 263 Or 227, 501 P2d 1288 (1972). Bell Rose Sanitarium v. Metz, 246 Or 475, 425 P2d 168 (1967), and Wilson v. Wilson, 242 Or 201, 407 P2d 898, 408 P2d 940 (1965), cited by plaintiffs, do not hold to the contrary as applied to facts such as those involved in this case.

also *Ruble v. Coyote G. & S.M. Co.,* 10 Or 39 (1881). In such a case the fact that plaintiffs acted in good faith and with "sufficient cause" in securing the preliminary injunction is no defense. If, on trial, it is held that plaintiffs are not entitled to a permanent injunction, it follows, under the terms of ORS 32.020, as we read that statute, that a previously issued preliminary injunction was "wrongful," so as to entitle the defendants to recovery of such damages as was sustained by defendants by reason of that injunction. See 2 High on Injunctions (4th ed 1905) 1594, § 1649; 1 Joyce on Injunctions 293, 308, §§ 177, 189b (1909); Note, Interlocutory Injunctions and the Injunction Bond, 73 Harv L Rev 333, 338 (1959).

The usual manner of enforcing liability for such damages is by separate action against the surety on the undertaking for the preliminary injunction. In some jurisdictions, usually by statute or rule of court, upon the denial of a permanent injunction liability for damages for the issuance of a preliminary injunction may be decided in the original suit. Since, however, that question has not been raised by either party on this appeal we need not decide it at this time, particularly in view of the fact that the contract between the parties also provides for payment of attorney fees to the prevailing party.[9]

The trial judge denied defendants' counterclaims for damages for breach of contract and damages for false representation relating to "ingress and egress" for removal of the timber. The trial judge also found

---

[9] That contract provision also makes it unnecessary to decide what portion of defendants' attorney fees were devoted to securing the vacation of the preliminary injunction, a further question not raised by either party on this appeal.

that "[n]either of the parties is entitled to attorney's fees."

The trial appears to have been conducted as a suit in equity. Plaintiffs made no demand for jury trial on defendants' counterclaims for damages or that such claims be tried otherwise as in an action at law. Whether or not, however, the decision by the trial court on such counterclaims should be reviewed by this court as in an action at law or as in a suit in equity is immaterial. We have reviewed the entire record and find that we agree with most of the findings and conclusions of the trial judge.

■ Defendants' most substantial counterclaim was for damages for alleged wrongful representations "that there would be suitable ingress and egress for purposes of removing timber from the premises." The trial judge denied that counterclaim by finding that "with regard to the representations of the roadway, the agent Bennett was the agent of defendant Sigmund, the buyer, and not plaintiff Pearson, the seller."

Because Bennett, the realtor, had a listing from plaintiffs and testified that he represented plaintiffs (as the sellers) in the sale of the timber, we have difficulty in understanding how he could be the agent of defendants (as the purchasers) for the purposes of such representations, even though he may have secured a cruise of the timber at defendants' request and tried otherwise "to be helpful" to defendants. In any event, upon examination of the record we find that these representations were neither alleged nor proved to have been made with the knowledge or intent necessary to provide the basis for an action for damages for fraud. We also find that defendants failed to prove by any clear and convincing evidence that they relied upon

any such representations. Accordingly, we agree with the trial judge, but for different reasons, that defendants were not entitled to judgment on that counterclaim.

■ It was clearly established, however, not only that the preliminary injunction was wrongful, but also that plaintiffs, by shutting down defendants' logging operations, breached the contract between the parties. It follows that under defendants' second counterclaim they were entitled to recover for such damages as defendants were able to prove.

■ Most of defendants' proof of such damages was insufficient. This included claims for the charges or rental value of most of the equipment involved, as well as for office overhead and wages allegedly owing to the employees involved. There was evidence, however, that among the equipment idled by the shutdown were two logging trucks owned by defendants, each with a reasonable rental value of $150 per day; that the shutdown of defendants' logging operations extended for a period of 14 working days; and that during that period these trucks were idle, although available for work.[9] We hold that this evidence was sufficient to support a claim of damages in the sum of $4,200.

Plaintiffs contend, on the contrary, that "[t]he logging trucks, according to defendant Sigmund's testimony, were at all times at Estacada available for any hauling work that came along." In this case, however, it was the plaintiffs' burden (as the defendants for the purposes of this counterclaim) to show that

[9] Defendants' logging operations were shut down on January 7, 1972. The case was tried on its merits on January 27 and 28, 1972, and defendant Sigmund gave his testimony on this subject on January 28, 1972. There were 14 working days during the intervening period, not including Saturdays and Sundays.

such work was available, in accordance with the established rule that the party who claims that the other party could have mitigated his damages has the burden to prove that such mitigation was possible. *Enco, Inc. v. F. C. Russell Co.,* 210 Or 324, 339, 311 P2d 737 (1957); *Kulm v. Coast-to-Coast Stores,* 248 Or 436, 439-40, 432 P2d 1006 (1967). In the absence of such evidence, we hold that defendants are entitled to recover $4,200 under their counterclaim for damages for breach of contract by plaintiffs in shutting down defendants' logging operations.

■ It follows that defendants were the prevailing parties, both in defeating plaintiffs' suit for an injunction and also in establishing that they were entitled to an award of damages for breach of contract on their second counterclaim. As such, it also follows that under the terms of that contract defendants are entitled to an award of reasonable attorney fees for the services of their attorney on the trial of this case.

Plaintiffs contend that attorney fees "follow costs"; that under ORS 20.030 costs in a suit in equity are to be allowed to the prevailing party "unless the court otherwise directs," and that in this case the trial court "otherwise directed" by denying attorney fees to defendants, despite the fact that they were the prevailing parties. Because of the contract provision for attorney fees to the prevailing party, however, the trial court had no right to disregard the terms of the contract and was required to allow reasonable attorney fees to defendants as the prevailing parties in this case. *Gorman et ux v. Jones et ux,* 232 Or 416, 420, 375 P2d 821 (1962).

Plaintiffs concede that the parties stipulated on trial that if attorney fees were awarded the trial court

might determine the amount of such fees without further evidence. This case is thus remanded to the trial court for further proceedings in accordance with this opinion.

Modified and remanded.