EGGE, *Appellant,*

*v.*

LANE COUNTY et al, *Respondents.*

(No. 74-6173, CA 4917)

548 P2d 1356

*Lawrence E. Thorp,* Springfield, argued the cause

for appellant. With him on the briefs were Sanders, Lively & Wiswall, Springfield.

*Richard Bryson,* Eugene, argued the cause for respondents. With him on the brief were Calkins & Calkins and Bryson & Robert, Eugene.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

## FORT, J.

Plaintiff sued Lane County and six of its officers and employes for damages resulting from a wrongful injunction. The trial court sustained the defendants' demurrer to the complaint because it did not state facts sufficient to constitute a cause of action. Plaintiff appeals.

Recovery for damages resulting from a wrongful injunction normally is in the form of a claim against the obligors upon the bond which ORS 32.020 requires before a preliminary injunction can be issued. ORS 22.010, however, exempts a county from furnishing any undertaking in a state court proceeding. The issue on appeal is whether the county on the facts alleged may be liable for damages resulting from issuance at its request of a wrongful preliminary injunction.

Plaintiff Egge alleged that the county had previously filed suit against him to permanently enjoin him from extracting loam, sand and gravel from real property which it was purchasing. In that case, on January 7, 1974, the county had obtained a temporary ex parte restraining order enjoining Egge from such extracting during the pendency of the suit. Egge then tried unsuccessfully to vacate the order which, after hearing, was confirmed as a preliminary injunction pending final decree on the merits. On October 14, 1974, a final decree was rendered in favor of Egge and against the county, the suit was dismissed, and the preliminary injunction was vacated. In the present case plaintiff Egge alleges damages resulting from the nine-month temporary injunction, during which period he was prevented from carrying on his business.

ORS 32.020 requires the following before a court may issue a temporary restraining order or a preliminary injunction:

"* * * Before allowing the injunction, the court or judge shall require of the plaintiff an undertaking, with one or more sureties, to the effect that he will pay all costs and disbursements that may be decreed to the

defendant, and such damages, not exceeding an amount therein specified, as he may sustain by reason of the injunction if the same be wrongful or without sufficient cause."

ORS 22.010 exempts the county from furnishing such an undertaking:

"The state, or any county or incorporated city, shall not be required to furnish any bond or undertaking upon appeal or otherwise in any action or proceeding in any court in this state in which it is a party or interested."

Since the county therefore did not furnish an undertaking here, the question is whether the plaintiff has a remedy for damages resulting from the now admittedly wrongful granting of the preliminary injunction in the original proceeding. In *Pearson v. Sigmund,* 263 Or 626, 630, 503 P2d 702 (1972), the Supreme Court affirmed such a right as between private parties.

ORS 32.020 was passed in 1862 as part of the Oregon Code of Civil Procedure. A bond or undertaking before issuance of an ex parte or preliminary injunction was originally required by equity courts which were reluctant to grant such a potentially damaging remedy without a full trial. Thus developed a procedure whereby a plaintiff could have his anticipatory remedy if he agreed to reimburse the defendant for costs, disbursements, and resulting damages, if any, if defendant won at trial. This equity requirement was codified into statute (ORS 32.020). Note, *Interlocutory Injunctions and the Injunction Bond,* 73 Harv L Rev 333 (1960). If defendant wins at trial, he may sue the plaintiff under a contract theory in an action predicated on the bond to recover his damages. *Pearson v. Sigmund,* supra; 72 CJS 700, Principal and Surety §§ 249-50; 73 Harv L Rev, supra.

■ The Oregon legislature passed ORS 22.010 in 1899. It originally applied only to the state, but was extended to counties and incorporated cities in 1933. The history of the statute indicates that it was intended to exempt governments only from posting

bonds and not from any substantive liability if a preliminary injunction were wrongfully obtained by it. The original version of ORS 20.140 was a part of the same 1899 statute as ORS 22.010; they were separated in the 1953 statutory revision. ORS 20.140 provides that the state and other governing bodies are not required to advance any fees taxable as costs and disbursements in any proceedings, although governments are liable for such costs and disbursements under ORS 20.150, previously passed in 1862. We conclude that the intent of the legislature in passing the 1899 statute was not to limit the liability of the state or county for payment of otherwise lawfully imposed judgments, but to relieve it of the necessity and expense of providing the money or security in advance.

■ In most cases in which the county was not required to post a bond the opposing party would be able to recover costs or a judgment through normal procedures. In the case of a wrongful injunction, however, there is historically no right of recovery other than on the undertaking. There is no tort liability for obtaining a preliminary injunction which is later vacated in the absence of the malice and lack of probable cause required for a malicious prosecution action. Prosser, Torts 850, § 120 (4th ed 1971).

■ We hold that although the county did not furnish an undertaking because of the statutory exemption, it is still liable on an implied contract theory for plaintiff's costs, disbursements, and damages as authorized by ORS 32.020.

Since we conclude that the complaint here sounds in contract rather than in tort, the county's reliance on ORS 30.260 to 30.300, so far as it relates to tort liability, is not applicable.

Reversed and remanded.