EGGE, *Respondent,*
*v.*
LANE COUNTY et al, *Petitioners.*
(No. 74-6173, CA 4917)
556 P2d 1372

*Richard Bryson* of Bryson & Robert, Eugene, argued the cause for petitioners. With him on the brief was Calkins & Calkins, Eugene.

*Laurence E. Thorp,* Springfield, argued the cause

for respondent. With him on the brief were Sanders, Lively & Wiswall, Springfield.

BRYSON, J.

## BRYSON, J.

Plaintiff brought this action against Lane County, its three Commissioners, and certain zoning enforcement officers to recover damages allegedly incurred when defendants wrongfully secured a temporary injunction prohibiting plaintiff from excavating loam, sand, and gravel. The temporary injunction was dissolved when plaintiff prevailed at trial. Plaintiff then filed this action.

The trial court sustained defendants' demurrer to the complaint on the ground that it failed to state a cause of action. Plaintiff refused to plead over and judgment was entered in favor of defendants. The Court of Appeals reversed the trial court, holding that although "there is historically no right of recovery other than on the undertaking," nevertheless the county was "liable on an implied contract theory * * * as authorized by ORS 32.020." *Egge v. Lane County,* 25 Or App 263, 548 P2d 1356 (1976).

We granted review to determine whether action for wrongful injunction would lie against the county under the theory of implied contract.

ORS 32.020 provides:

"* * * Before allowing the injunction, the court or judge shall require of the plaintiff an undertaking, with one or more sureties, to the effect that he will pay all costs and disbursements that may be decreed to the defendant, and such damages, not exceeding an amount therein specified, as he may sustain by reason of the injunction if the same be wrongful or without sufficient cause."

However, ORS 22.010 provides:

"The state, or any county or incorporated city, shall not be required to furnish any bond or undertaking upon appeal or otherwise in any action or proceeding in any court in this state in which it is a party or interested."

No cases have been cited and we are aware of none which hold that actions to recover for wrongful injunc-

tion are actions based on implied contract. Justice Bean, in *Hess v. German Baking Company*, 37 Or 297, 298-99, 60 P 1011 (1900), an action for wrongful injunction, stated that "the rule laid down by all the authorities" is that " 'both at common law and under statutory provisions requiring the giving of bonds as conditions precedent to obtaining certain statutory writs, that no action can be maintained against the party issuing the writs, except by showing malice and want of probable cause in their issuance. For the wrongful bringing of the common law actions, the compensation to the defendant is the recovery of costs. In the other class of actions the recovery of damages sustained must be upon the bond given by the party who invoked the statutory writ.' [Citations omitted.]" *Hess* was modified by our opinion in *Pearson v. Sigmund*, 263 Or 626, 503 P2d 702 (1972), but *only* by holding:

> "* * * If, on trial, it is held that plaintiffs are not entitled to a permanent injunction, it follows, under the terms of ORS 32.020, as we read that statute, that a previously issued preliminary injunction was 'wrongful,' so as to entitle the defendants to recovery of such damages as was sustained by defendants by reason of that injunction. * * *" 263 Or at 631.

In other words, we have now held that a showing of malice and want of probable cause is not necessary to establish liability on the bond for wrongfully obtaining a preliminary injunction.

Originally, in England and in the United States, when temporary injunctions were granted upon the petition and showing of the applicant and afterwards dissolved, "neither law nor equity furnished any remedy to the defendant for the damages caused by them, for they were regarded as flowing from the judgment and order of the court, and not from the plaintiff, if he did nothing more than to sue in good faith for the injunction awarded him. * * *" 1 Joyce on Injunctions 269, § 158 (1909). Because of injustices resulting from hasty orders of injunction, the courts

adopted measures for indemnity to protect the one enjoined by requiring a bond from the plaintiff for the payment of damages not to exceed the amount of the bond. Orders enjoining without providing for a bond were held to be of no force. The statutory provisions, requiring a bond, followed in all state and federal statutes to protect the person wrongfully enjoined. ORS 32.020 was enacted in Oregon in 1882 and ORS 22.010 followed in 1899, as amended in 1933. We have no way of knowing the legislative intent in adopting ORS 22.010 exempting the state, county, and incorporated cities from furnishing an undertaking as required by ORS 32.020, but it is reasonable to believe that such governmental bodies were left immune from liability while performing governmental duties on behalf of the citizens. For much the same reason, governmental officers, in performing governmental duties on behalf of the citizens, are generally immune from tort liability. This situation in tort actions led to the adoption of state and federal statutes similar to Oregon's Tort Claim Act, ORS 30.320 et seq.

The Oregon Legislature has not seen fit to require a bond by the county before allowing an injunction. We are aware of no common law court which has, in the absence of an appropriate statutory mandate, held the state or county liable for wrongful injunction in the absence of a formal undertaking to indemnify.[1] There is nothing in ORS 32.020 to indicate that the statute was intended to do anything other than make mandatory the requirement of a bond, prior to granting injunction, which was previously discretionary with the courts of equity. It imposes upon the plaintiff-applicant no obligation for damages sustained by persons wrongfully enjoined other than in the specified amount named in the bond and as required by the court.

[1] Equity courts have typically required the posting of such bonds or undertakings. This power is derived from the equity court's discretion to condition its relief. *See* Note, Interlocutory Injunctions and the Injunction Bond, 73 Harv L Rev 333 (1960). *See also* Fiss, Injunctions, The Bonding Requirement for Interlocutory Injunctions 187 (1972).

The few exceptions to this rule are based on the language of the particular state statutes. The Texas Civil Appeals case cited by plaintiff, *Cone v. City of Lubbock,* 431 SW2d 639 (Tex Civ App 1968), at page 645, n. 4, cites Texas statute, Article 768 Revised Statutes 1911, which provides that a city need not post bond, but "the City shall be liable in the same manner, and to the same extent, as if the bond, undertaking or security in ordinary cases had been duly given and executed."

> "Art. 2072, Revised Statutes, 1925, superseded Art. 768 and provides only that 'security for *costs* shall not be required of the State or any incorporated city or town in any action, suit or proceeding, * * *' leaving out the exemption from bond in injunctions." *Cone v. City of Lubbock, supra* at 645. (Emphasis in original)

This statutory scheme is contrary to the pertinent Oregon laws.

Plaintiff relies upon *Pearson v. Sigmund, supra,* but the case is clearly distinguishable on the facts. *Pearson* involved a suit between two private parties who had contracted regarding timber harvest on plaintiff's land. Plaintiff obtained a temporary injunction *after posting the required surety bond.* Recovery in that case was based upon defendant's undertaking to indemnify. The basis for recovery was not "implied contract."

In *Warren Construction Co. v. Grant,* 137 Or 410, 414, 299 P 686 (1931), an action for wrongful injunction on the bond, we stated, without explaining the reason, at page 414, "The defendant, Oscar Hayter, not having signed the bond, no judgment could be recovered against him * * *."

In *Benz v. Compania Naviera Hidalgo, S.A.,* 205 F2d 944 (9th Cir 1953), the court stated:

> "And since whether rightly or wrongly no bond or security was furnished, we must apply the rule which prevails in the federal courts. That rule is that in the absence of such a bond, there may be no recovery of

damages for the issuance of a temporary injunction even although it may have been granted without just cause. [Citations omitted.]" (205 F2d at 948).

In *Gearin v. Marion County,* 110 Or 390, 397, 223 P 929 (1924), we stated:

"* * * An action in contract is for the breach of a duty arising out of a contract, either express or implied, while an action in tort is for a breach of duty imposed by law. For a breach of duty where there is no contractual relation, either express or implied, only an action in tort can be maintained."

Plaintiff in the case at bar does not claim that his action is based on an injunction bond or any other form of undertaking. Prosser, Law of Torts, Wrongful Civil Proceedings 852-53, § 120 (4th ed 1971), refers to the action for wrongful injunction as one sounding in tort (not implied contract).

■ We conclude that the Court of Appeals erred in finding the defendants liable "on an implied contract theory" under ORS 32.020. The Oregon Legislature has already acted in this field. If the county is to provide an undertaking before being allowed a preliminary injunction, it is a matter requiring further legislative enactment.

Reversed and remanded to the Court of Appeals.