Argued April 27, reversed and remanded with instructions July 30,
appellant's reconsideration denied August 21,
appellant's petition for review denied September 25,
respondents' cross-petition for reconsideration allowed,
former opinion, as modified adhered to
(42 Or App 435, 601 P2d 474) October 1, 1979

## KENNEDY,
*Plaintiff-Appellant,*
*v.*

## THE WACKENHUT CORPORATION,
*Defendants-Respondents.*

### (No. A7609-13297, CA 11280)

599 P2d 1126

[276]

[276-a]

Argued and submitted April 27, 1979.

Henry Kane, Beaverton, argued the cause and submitted the briefs for appellant.

Fred M. Aebi, Portland, argued the cause for respondents. With him on the brief were James M. Callahan and Gearin, Landis & Aebi, Portland.

Before Buttler, Presiding Judge, and Joseph and Campbell, Judges.

BUTTLER, J.

## BUTTLER, J.

This action is a sequel to a federal court proceeding brought by Wackenhut against Kennedy to enforce a covenant not to compete ancillary to Kennedy's employment by Wackenhut, to obtain damages for unfair competition. In that proceeding, Wackenhut obtained a preliminary injunction, the language of which was as broad as the contractual language,[1] barring Kennedy from working for any of Wackenhut's competitors for a period of three years within 300 miles of any place where Wackenhut, or a subsidiary, engaged in business. Pursuant to Federal Rules of Civil Procedure (FRCP) 65(c)[2] Wackenhut posted a bond underwritten by defendant Industrial Indemnity Company in the amount of $10,000, as fixed by the court. Approximately one year later, Kennedy's motion for partial summary judgment was granted on the ground that the contractual covenant was too broad. The injunction was dissolved and, on Wackenhut's subsequent motion, the action was dis-

---

[1] The employment contract provided:

"\* \* \* \* \*

"2. During the tenure of his employment by the Employer and for a period of three (3) years from the date such employment ceases due to resignation from the employment by the Employee or discharge for just cause by the Employer, the Employee will not directly or indirectly, alone or as a member of a partnership, or as an officer, director, stockholder or employee of any corporation, or by or through or as a part of any other entity, tender any service of any value whatsoever, or otherwise engage in any business or other activity (including but not limited to solicitation of Employer's clients) that is competitive with the business conducted by the Employer or a Subsidiary engaged in a business related or similar to that of the Employer within three hundred (300) miles of any place wheresoever the Employer, or a Subsidiary, during the effective period of this contract, shall be engaged in the operation of its business.

"\* \* \* \* \*."

[2] FRCP 65(c) provides:

"(c) *Security.* No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant \* \* \* for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. \* \* \*"

missed without prejudice, but its motion to exonerate the surety on the injunction bond was denied.

Thereafter, Kennedy commenced this action against Wackenhut and Industrial Indemnity. Both the pleadings and the proceedings in the trial court are pregnant with confusion, and in order to make some sense and order out of them we will interpolate where necessary, sometimes liberally.

The complaint is characterized as an "Action at Law For Malicious Use of Process and Against Surety Bond," and alleges two causes of action. We construe the first cause of action to be one for malicious use of civil process against the defendant Wackenhut, adequately alleging the elements of such a claim: commencement and prosecution by defendant of the federal proceeding, termination of the proceeding in plaintiff's favor, the absence of probable cause to prosecute the action, the existence of malice and damages. *See Alvarez v. Retail Credit Ass'n*, 234 Or 255, 381 P2d 499 (1963). Damages claimed include special, compensatory and punitive damages.

■ We construe the second cause of action, which incorporates by reference the first cause of action, as being a claim against both Wackenhut and Industrial Indemnity for wrongful issuance of an injunction, (see Albrecht v. Safeway Stores, Inc., 159 Or 331, 80 P2d 62 (1938)),[3] with respect to which, if Oregon law is applicable, it is no defense that the injunction was sought in good faith and with sufficient cause[4] if it is ultimately determined that the party who obtained the

---

[3] In *Albrecht v. Safeway Stores, Inc.*, 159 Or 331, 80 P2d 702 (1972), the Court held that under an allegation of gross negligence, proof may be made and recovery had for simple negligence on the theory that the greater wrong includes the lesser. By analogy here, plaintiff's first cause of action, incorporated in his second cause of action, would permit his recovery for wrongful issuance of the preliminary injunction because the elements thereof were included in the claim for the greater wrong of malicious use of civil process.

[4] While the rule is stated in terms of there being no defense on the grounds stated, in this case plaintiff assumed the burden of proving bad faith and want of sufficient cause.

[278]

preliminary injunction was not entitled to a permanent injunction. *See Pearson v. Sigmund*, 263 Or 626, 503 P2d 702 (1972). Apparently under the second cause of action Kennedy sought the same damages against Wackenhut as was claimed in the first cause of action, and as against Industrial Indemnity he sought damages to the limit of its liability under the surety bond, that is, $10,000, plus attorney's fees incurred for his opposition to the issuance of the preliminary injunction in the federal court, and also attorney's fees pursuant to ORS 743.114.

In the trial court, Wackenhut filed a motion for summary judgment on the sole ground that the issuance of the preliminary injunction by the federal court was conclusive evidence of sufficient cause for its issuance, and therefore Kennedy's claim against it fails as a matter of law. The trial court granted that motion and a judgment was entered in favor of Wackenhut.[5] We construe the motion to be one for partial summary judgment, because, at most, it only

[5] While the issue is not raised, we have a duty to determine our jurisdiction on appeal. The judgment was entered on January 19, 1978, and the notice of appeal was not filed until June 8, 1978. If the judgment was appealable, the time for appeal had expired. ORS 19.026. However, ORS 18.125(1) provides:

"When more than one demand for relief is presented in a suit or action, whether as multiple causes of suit or action, counterclaims, cross-claims, or third-party actions or suits, or when multiple parties are involved, the court may direct the entry of a final judgment or decree as to one or more but fewer than all of the causes of suit or action or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment or decree. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the causes of suit or action or the rights and liabilities of fewer than all the parties shall not terminate the proceeding as to any of the causes of suit or action or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment or decree adjudicating all the causes of suit or action and the rights and liabilities of all the parties."

The trial court did not make an "express determination that there is no just reason for delay" or make an "express direction for the entry of judgment" as required by the statute. Accordingly, it did "not terminate the proceeding as to any of the causes of suit or action or parties," and was not then appealable.

[279]

disposed of the claim against Wackenhut based upon malicious use of civil process, not the claim for wrongfully obtaining issuance of the injunction. In this court Wackenhut cites no authority to sustain the trial court's ruling, but relies instead on the doctrine of collateral estoppel, citing *Bahler v. Fletcher*, 257 Or 1, 474 P2d 329 (1970). If the doctrine is applicable, it would apply equally to the federal court's refusal to exonerate the surety, thereby creating two conflicting collateral estoppels: a stand-off. We hold it to be inapplicable. Wackenhut goes on to argue, we think correctly, that the granting of the preliminary injunction by the federal court constituted *prima facie* evidence of probable cause,[6] but since the motion for summary judgment was not supported by affidavits, etc., the allegations of Kennedy's complaint were sufficient,[7] if proved, to overcome the *prima facie* effect of the granting of the preliminary injunction. The trial court should not have granted what we consider to have been a motion for partial summary judgment for Wackenhut.

■ After the trial court disposed of that motion, the remainder of the case went to trial. There is an indication at the commencement of the proceedings, which were ultimately tried to the court without a jury, that the trial was only with respect to Industrial Indemnity.[8] However, because we conclude that the

---

[6] Although some jurisdictions appear to hold that the granting of a preliminary injunction is conclusive evidence of the existence of probable cause, *see Short & Co. v. Spragins, Buck & Co.*, 104 Ga 628, 30 SE 810 (1898); *Rieger & Co. v. Knight*, 128 Md 189, 97 A 358, LRA 1916E 1277 (1916) (if issued after a full adversary hearing), the majority view appears to be that it is only *prima facie* evidence which may be rebutted. *Cobbey v. State Journal Co.*, 77 Neb 626, 113 NW 224 (1907); *Bokum v. Elkins*, 67 NM 324, 355 P2d 137 (1960); *Burt v. Smith*, 181 NY 1, 73 NE 495, *error dismissed*, 203 US 129, 27 S Ct 37, 51 L Ed 121 (1906); *Donnally v. Brewing Co.*, 87 W Va 494, 105 SE 778 (1921); Annot, 70 ALR3d 536, § 10 (1976).

[7] *See* ORS 18.105. In this case, the motion was more in the nature of a demurrer.

[8] Notwithstanding that indication, the trial judge stated at the conclusion of the trial that, "* * * the plaintiff's cause of action against Wackenhut or against Industrial Indemnity should fail and his complaint should be dismissed." It is noted, however, that the judgment entered was in favor of Industrial Indemnity.

summary judgment was only partial with respect to Wackenhut, leaving the claim for wrongful issuance of a preliminary injunction remaining, we interpret the proceedings as being a trial on the claim against both Wackenhut and Industrial Indemnity for the wrongful issuance of the injunction. If Wackenhut, as principal, were not liable to Kennedy, we know of no authority holding the surety liable,[9] and there would have been no purpose in going to trial. No prejudice results from so considering the trial because the issues against both defendants are the same, except, possibly, with respect to the amount of damages, which is limited to $10,000 against Industrial Indemnity by the terms of the bond.

It appears from the record that at the outset plaintiff's counsel did not contend that because it was ultimately determined that the injunction should not have issued, the only issue at the trial was damages. Instead, counsel agreed that the issues of good faith and sufficient cause were questions to be decided,[10] in addition to special and compensatory damages. Accordingly, the case was tried on this theory. At the conclusion of the trial the trial judge found that Wackenhut had commenced the federal proceedings in good faith and sought and obtained the preliminary injunction with sufficient cause.

Based upon those findings, the trial judge found for the defendants.[11]

---

[9] The injunction bond is in the usual form, and provides that, "* * * if the Plaintiff [Wackenhut] shall pay or cause to be paid any and all damages and costs which may accrue by reason of this injunction, not exceeding the amount specified in this obligation, then this obligation shall become null and void; otherwise to be and remain in full force and effect."

There is language in *Pearson v. Sigmund*, 263 Or 626, 503 P2d 702 (1972), which might be interpreted to suggest that the surety may have some liability independent of the principal. The language is *dictum*, and the judgment in that case was against the principal.

[10] If the prior summary judgment (granted by a different trial judge) had been properly granted, it would appear that these issues had already been decided adversely to plaintiff.

[11] *See* note 8, *supra*.

Defendants contend that the trial judge properly held that in order for plaintiff to prevail on his claim for the wrongful issuance of the injunction, it was necessary for plaintiff to prove that the injunction was obtained in bad faith and without sufficient cause. The argument is that the bond was issued pursuant to the federal rules of civil procedure, and that if the claim were made in federal court, as it could have been ancillary to the principal proceeding in that court, the federal judge would have discretion to allow or disallow damages against the surety. We need not pursue this question in depth, however, because the remedy sought here by Kennedy is a state remedy and the Oregon Supreme Court in *Pearson v. Sigmund, supra,* held that it was not necessary for the enjoined party to establish that the injunction was obtained in bad faith and without sufficient cause. It is true that in *Pearson* the Oregon Court was construing ORS 32.020,[12] which is the Oregon equivalent of FRCP 65(c), and uses substantially the same language. The Oregon Court, however, construed the statute as providing the substantive basis for a claim for the wrongful issuance of an injunction, and we conclude that the state substantive rule ought to be applied here.

[12] ORS 32.020 provides:

"(1) An injunction may be allowed by the court, or judge thereof, at any time after the commencement of the suit and before decree. Before allowing the injunction, the court or judge shall require of the plaintiff an undertaking, with one or more sureties, to the effect that he will pay all costs and disbursements that may be decreed to the defendant, and such damages, not exceeding an amount therein specified, as he may sustain by reason of the injunction if the same be wrongful or without sufficient cause.

"(2) The court may waive, reduce or limit the undertaking provided for in subsection (1) of this section upon a showing of good cause, including indigency, and on such terms as shall be just and equitable.

"(3) No undertaking will be required under this section where an injunction is sought to:

"(a) Protect a person from violent or threatening behavior; or

"(b) Prevent unlawful conduct when the effect of the injunction is to restrict the enjoined party to available judicial remedies.

"(4) The liability of the surety shall be limited to the amount specified in the undertaking."

■ In light of that determination, we conclude that the trial court erred in entering judgment for defendants after the trial. However, after the court indicated what its ruling would be after the evidence was in, counsel for both parties requested the court to determine what the damages would be under this cause of action. The trial court complied by finding that plaintiff's damages were limited to his loss of wages and other employment benefits for the four-day interval between the issuance of the preliminary injunction and the onset of plaintiff's illness which resulted in his total disability.[13] Having agreed that the trial judge might determine those damages, neither party should be allowed to relitigate them. There being evidence to support those findings, we cannot say as a matter of law that the trial court was wrong. The trial court did not, however, determine what attorney's fees Kennedy should be allowed for defending the application for the preliminary injunction in the federal court, and in seeking to have it dissolved. That amount needs to be determined. The plaintiff is not, however, entitled to statutory attorney's fees under ORS 743.114.[14]

■ We are left with the anomalous situation where Wackenhut's motion for partial summary judgment was erroneously granted, but the subsequent trial, which we interpret to have been against both Wackenhut and Industrial Indemnity for the wrongful issuance of the injunction, litigated the questions

---

[13] Kennedy suffered a heart attack four days after the injunction was issued; he applied for, and received, total disability benefits under Social Security. While he claimed that the heart attack was the proximate result of the injunction, the trial court found there was no causal connection.

[14] ORS 743.114 provides:

"If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

That statute is inapplicable here; a demand was made for the limits of the bond, but no "proof of claim" in a liquidated amount was made.

which we conclude were open with respect to the summary judgment motion:. whether the federal court action was commenced in good faith and whether there was sufficient cause for the issuance of the preliminary injunction. Those issues were resolved against the plaintiff in the subsequent trial in which those issues were irrelevant. Since the plaintiff had a full opportunity to present evidence on these issues, and stated to the court that he wanted to make the strongest possible record on them, we see no reason to remand the case for retrial of those issues.

However, whether there was sufficient cause to issue the preliminary injunction is a question of law for the court to decide. The rule is stated in *Alvarez v. Retail Credit Ass'n, supra* at 261, quoting from *Kuhnhausen v. Stadelman*, 174 Or 290, 148 P2d 239, 149 P2d 168 (1944):

" '[I]t is a firmly established rule in this state that in actions for malicious prosecution the question of probable cause is a question of law which the judge must decide upon established or conceded facts. If none of the facts are in dispute, the court must decide the case without the intervention of a jury; but, if the case cannot be so decided, it must go to the jury with instructions from the court that certain facts, if found by them to exist, do or do not constitute probable cause; and it is not competent for the court to give to the jury a definition of probable cause and instruct them to find for or against the defendant according as they may determine that the facts are within or without that definition. *Hess v. Oregon Baking Company*, * * * [31 Or 503, 515, 49 P 803 (1897)]; *Timmins v. Hale*, 122 Or 24, 38, 356 P 770 [(1927)], and cases there cited.' 174 Or at 310-311."

It is clear that Kennedy went to work for a competitor of Wackenhut (Wallace), that he possessed confidential information about Wackenhut's business and its customers, that two of Wackenhut's accounts had shifted to Wallace after Kennedy joined Wallace, and that some of Wackenhut's employees had become, or were about to become, Wallace employees. Given

[284]

these facts, it cannot be contended seriously that Wackenhut's federal court action against Kennedy was brought in bad faith; the only real question is whether it had sufficient cause to obtain a preliminary injunction based upon the covenant not to compete.

Covenants not to compete are in restraint of trade, and are invalid as being against public policy. However, such covenants made ancillary to an employment contract or to the sale of a going business are valid and enforceable if the restraint is reasonable both as to time and space. *See Eldridge et al. v. Johnston,* 195 Or 379, 245 P2d 239 (1952). The covenant contained in Kennedy's employment contract,[15] is unreasonable as to the space within which the restraint applies, at least when it is realized that it would prohibit Kennedy from working at his vocation in almost any major population center in the United States. Nevertheless, some courts have enforced otherwise unreasonable restraints by limiting either the time or space to one that is reasonable. Oregon did so in *Eldridge,* and Wackenhut contended that Oregon courts would do so here.

It was and is Kennedy's position that Wackenhut was entitled to no injunction of any kind because the covenant was void, not that Wackenhut should have sought a more limited injunction for which there might have been sufficient cause.

Given the battle line so drawn we cannot say as a matter of law that Wackenhut did not have sufficient cause to believe that it was entitled to injunctive relief against Kennedy. *Eldridge* gave Wackenhut a reasonable basis for believing it was entitled to enjoin Kennedy, to some extent, from working for Wallace or other Wackenhut competitors, although we agree with the ultimate decision of the federal court after discovery developed the extent of the spatial restraint. It was admitted, however, that the federal action was volun-

---

[15] *See* note 1, *supra.*

tarily dismissed by Wackenhut, which fact, if unexplained, would justify the conclusion that Wackenhut's action was without sufficient cause. *Alvarez v. Retail Credit Ass'n, supra.* Here, Wackenhut explained its dismissal: Kennedy was no longer creating problems for the company, and it had no reason to believe he could respond in damages. We agree, therefore, with the trial court's conclusion with respect to Wackenhut's having sufficient cause to obtain the preliminary injunction.

It is necessary, however, to reverse the judgment on the cause of action for wrongful issuance of the injunction, but no retrial is necessary; the damages have already been determined, and judgment should be entered for plaintiff against Wackenhut and Industrial Indemnity in the amount of damages previously determined by the trial court pursuant to agreement of counsel for both parties. It will be necessary for the court to determine the amount of attorney's fees to be allowed Kennedy for defending against the application for the preliminary injunction in the federal court, and in seeking to have it dissolved.

Reversed and remanded with instructions.