ROCKY MOUNTAIN TIMBER CORPO-
RATION, an Oregon Corporation, Mon-
tana Lumber Sales, Inc., a Montana Cor-
poration, Plaintiffs,

v.

FEDERAL INSURANCE COMPANY, a
New Jersey Corporation, Defendant.

Civ. No. 80–720.

United States District Court,
D. Oregon,
Portland Division.

Dec. 2, 1980.

Barnes H. Ellis, Karen K. Creason, Lois O. Rosenbaum, Stoel, Rives, Boley, Fraser & Wyse, Portland, Or., for plaintiffs.

Norman J. Wiener, Peter C. Richter, Miller, Nash, Yerke, Wiener & Hager, Portland, Or., for defendant.

## OPINION

REDDEN, Judge:

Plaintiffs, Rocky Mountain Timber Corporation (RMT) and Montana Lumber Sales, Inc. (MLS), brought this action for wrongful injunction against defendant, Federal Insurance Company (FIC). Plaintiffs seek damages of $35,935.72.

The case is before the court on plaintiffs' motion for partial summary judgment on the issue of liability.

### BACKGROUND

On February 12, 1980, an Oregon State circuit court awarded judgments to RMT and MLS against Georgia-Pacific Corporation (GP) in excess of $2 million. At the same time, GP was awarded a judgment on its counterclaim against RMT and MLS for more than $700,000. These judgments were final non-appealable orders.

On the same date, GP filed a complaint in state court alleging that RMT and others owed GP more than $7 million. The complaint also requested an injunction preventing the parties from enforcing the judgments entered on that date. GP filed a motion for a temporary restraining order on February 12, 1980, accompanied by an undertaking executed by its surety, FIC, promising to pay the costs and damages incurred by plaintiffs if the injunction were subsequently determined to have been wrongfully obtained.

The temporary restraining order was issued on February 12. On February 28, 1980, FIC filed a second, identical undertaking which superseded the first one and continued the temporary restraining order until further order of the court. On March 24, 1980, the court dissolved the temporary restraining order on the ground that there was insufficient proof to warrant injunctive relief.

### DISCUSSION

It is well-settled that plaintiffs are entitled to damages caused by a wrongfully obtained temporary injunction. *Pearson v. Sigmund*, 263 Or. 626, 503 P.2d 702 (1972). The action is against the surety on the undertaking filed in order to obtain the injunction. The requirement of the undertaking is designed to protect the person enjoined from injustices caused by hasty orders of injunction. *Egge v. Lane County*, 276 Or. 889, 892, 556 P.2d 1372 (1976).

In Oregon, the bond requirements are set forth in O.R.S. 32.020, which provides:

An injunction may be allowed by the court, or judge thereof, at any time after the commencement of the suit and before decree. Before allowing the injunction, the court shall require of the plaintiff, an undertaking, with one or more sureties, to the effect that he will pay all costs and disbursements that may be decreed to the defendant, and such damages, not exceeding an amount therein specified, as he may sustain by reason of the injunction if the same be wrongful or without sufficient cause.

It is not necessary for the court to find that the injunction was obtained maliciously or without probable cause before liability on the bond attaches. *Egge v. Lane County*, supra, 276 Or. at 892, 556 P.2d 1372. Nor is it a defense that the injunction was sought in good faith and with sufficient cause if it is ultimately determined that the party who obtained the pre-

liminary injunction was not entitled to a permanent injunction. *Pearson v. Sigmund, supra; Wackenhut*, 41 Or.App. 275, 599 P.2d 1126 (1979); *modified*, 42 Or.App. 435, 601 P.2d 474 (1979).

Here, the state court judge dissolved the temporary restraining order and denied a preliminary injunction on the ground that GP failed to prove by clear and convincing evidence that injunctive relief was appropriate. Plaintiffs therefore contend that, by virtue of the dissolution of the restraining order, GP is liable for wrongful injunction as a matter of law.

GP raised two defenses: (1) Partial summary judgment is premature because the merits of the case in which the injunction was sought have yet to be decided; and (2) defendant is not obligated on the undertaking because no preliminary injunction was issued.

### Final Determination on the Merits

■ GP sought and obtained the temporary restraining order in connection with the underlying $7 million action against plaintiffs. That action has not been resolved. Generally, there can be no recovery of damages caused by a preliminary injunction, even if set aside, unless final judgment after trial is in favor of the party who has been enjoined. *United Steel Corporation v. United Mineworkers of America*, 317 F.Supp. 1070, 1072 (W.D.Pa.), *reconsideration denied*, 320 F.Supp. 748 (W.D.Pa.1970), *reversed on other grounds*, 456 F.2d 483 (3rd Cir. 1972). The purpose of this requirement is to insure that a final decision is rendered on the merits of the issues relating to injunctive relief. *See generally*, 11 Wright and Miller, *Federal Practice and Procedure*, § 2972. But as pointed out by Wright and Miller, "[a] final determination may take the form of a decree dismissing the suit, total or partial dissolution of the injunction, *or the failure to carry the burden of proof at the hearing on the preliminary injunction.*" (Emphasis added). Here, the temporary restraining order was dissolved because GP failed to carry its burden at the preliminary injunction hearing.

The remainder of the lawsuit now pending is unrelated to the issue of injunctive relief. Nothing will be gained by waiting until that case is resolved before allowing the wrongful injunction action to proceed. I consider the state court's decision on the preliminary injunction to be a final decision on the merits *for the purposes of this action.* Therefore, I conclude that this action is not premature.

### Issuance of a Preliminary Injunction

The undertaking provided:

WHEREAS plaintiffs have applied to the court in this case for a preliminary injunction against defendants, restraining them from doing certain acts set forth in the motion for preliminary injunction. NOW THEREFORE, in consideration of the issuance of that preliminary injunction, [GP and FIC] ... do jointly and severally undertake and promise that they will pay all costs and disbursements that may be decreed to defendants, and such damages, not exceeding $3,600,000, as defendants may sustain by reason of said injunction if the same be wrongful or without sufficient cause.

■ This undertaking was filed in order to obtain the ex parte temporary restraining order, and a second identical undertaking was filed to continue the temporary restraining order. Yet, defendant now contends that the undertaking applied only if a preliminary injunction was issued. This contention is belied by GP's own memorandum in support of the motion for preliminary injunction:

Plaintiffs have obtained a temporary restraining order pending this motion, upon filing an undertaking herein in the sum of $3,600,000.

The undertakings filed by defendant were intended to help secure the temporary restraining order as well as a preliminary injunction. Plaintiffs are entitled to protection from the surety as to both types of restraints.

■ Finally, defendant argues that it is not obligated on the undertakings because undertakings are not required under Oregon law for the issuance of a temporary

restraining order. I disagree. O.R.S. 32.-020 requires the filing of an undertaking by the party seeking an injunction. O.R.S. 32.010 defines an injunction as "an order requiring a defendant in a suit to refrain from a particular act . . ." These statutes do not differentiate between temporary restraining orders and preliminary injunctions. Defendant argues that O.R.S. 32.050 does differentiate, however, by setting forth terms for obtaining a temporary restraining order without referring to the need for an undertaking. This argument is without merit. O.R.S. 32.050 provides a mechanism for the issuance of a show cause order before the issuance of an injunction. That section does not, in my opinion, delete the requirement of an undertaking in order to obtain a temporary restraining order. O.R.S. 29.060 bolsters that conclusion. It provides that, where a hearing on a show cause order is pending, the court may issue a temporary restraining order preventing the disposal, destruction, transfer or removal of property "if an undertaking has been filed by the plaintiff in accordance with O.R.S. chapter 32 . . ." I conclude that an undertaking was necessary before a temporary restraining order could issue in this case. It is apparent from the record that all parties involved here thought that was the case also.

I therefore find that defendant FIC is liable on the undertakings because the temporary restraining order entered and continued by the state court was wrongfully issued.

Plaintiffs' motion for partial summary judgment is granted.