Argued and submitted July 14, in Case No. A140872, general judgment affirmed, in Case No. A135508, general judgment affirmed; supplemental judgment for attorney fees reversed December 15, 2010

C. Thomas DAVIS,
Personal Representative of
the Estate of Alice L. Hulse,
Deceased.
*Plaintiff-Respondent,*

*v.*

Jeffrey E. BOLY,
*Defendant-Appellant.*

Washington County Circuit Court
C061020CV; A135508 (Control)

Jeffrey E. BOLY,
*Plaintiff-Appellant,*

*v.*

C. Thomas DAVIS,
individually and
as Personal Representative of
the Estate of Alice L. Hulse,
Deceased,
*Defendant-Respondent.*

Washington County Circuit Court
C053914CV; A140872

244 P3d 831

Mark Gardner, Judge (Judgment and Supplemental Judgment in A135508).

Frederick T. Smith argued the cause for appellant. With him on the briefs was Jaculin L. Smith.

Daniel S. Hasson argued the cause for respondent. With him on the brief were Elizabeth E. Lampson, Alan Gladstone, and Davis Rothwell Earle & Xochihua P.C.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

In these consolidated cases, the appellant, Boly, contends that the trial court erred in ruling in favor of the respondent, Davis, in two related actions involving a small farm owned by Hulse, Boly's aunt. Davis was Hulse's attorney and, after her death in 2004, the personal representative of her estate. In his capacity as personal representative, Davis agreed to sell the farmland to a third-party developer. In the meantime, however, Boly had been negotiating with the Beaverton School District, which owned property adjoining the farmland, in order to obtain better vehicular access to the farmland and thereby increase its market value. Boly objected to Davis's sale and attempted to block the sale by recording a document entitled "Notice of Equitable Lien" on the property, based on increased property value that he attributed to his negotiations for improved vehicular access.

The sale agreement and the lien notice spawned two actions, both of which resulted in judgments adverse to Boly. In the first action, the trial court dismissed Boly's complaint after concluding that his claims depended on evidence of an oral agreement that was void under the statute of frauds. In the second—a quiet title action filed by Davis in an effort to clear title to the property—the trial court ruled that Boly was unable to demonstrate an entitlement to an equitable lien. The court also awarded attorney fees to Davis in the quiet title action pursuant to ORCP 82 A, on the ground that Boly's recording of the equitable lien notice constituted "provisional process" within the meaning of that rule. ORCP 82 A(4) ("No other provisional process shall issue except upon the giving of security by the plaintiff in such sum as the court deems proper, for payment of such costs, damages, and attorney fees as may be incurred or suffered by any party who is wrongfully damaged by such provisional process.").

Boly now appeals the general judgments in both cases, as well as the supplemental judgment for attorney fees in the quiet title action. We affirm the general judgments without discussion and write only to address the award of attorney fees under ORCP 82 A. On that question, we conclude that ORCP 82 A(4) did not authorize an award of attorney fees, and we therefore reverse the supplemental judgment in the quiet title action.

The facts relevant to the issue of attorney fees are few. In August 2005, Boly recorded a "Notice of Equitable Lien" on the Hulse property. Boly did not obtain a court order allowing a lien to be fixed to the property, nor did he provide any notice of the recording to Hulse's estate. In March 2006, Davis, as personal representative of the estate, filed an action to invalidate the equitable lien so that the property could be sold with clear title. The trial court granted summary judgment in favor of Davis, ruling that Boly was unable to demonstrate any entitlement to an equitable lien.

After prevailing on his motion for summary judgment, Davis filed a petition for attorney fees. Davis relied exclusively on ORCP 82 A(4) as the source of his entitlement to attorney fees. That rule provides:

> "No other provisional process shall issue except upon the giving of security by the plaintiff in such sum as the court deems proper, for payment of such costs, damages, and attorney fees as may be incurred or suffered by any party who is wrongfully damaged by such provisional process."

According to Davis, Boly's recording of a "Notice of Equitable Lien" with the county clerk constituted "other provisional process" and, therefore, Davis was entitled to attorney fees because the estate was "wrongfully damaged by such provisional process." Boly objected to the attorney fee petition on the ground that he never sought a court order before recording his notice of lien, but rather "simply recorded a document claiming a lien," using the "real property recording system" as opposed to "provisional process."[1] That is, he argued that a court order was a prerequisite to the issuance of "provisional process" and that no court was involved in the lien recording. The trial court rejected Boly's contention and awarded attorney fees to the estate.

---

[1] We need not resolve, for purposes of our discussion, the legal effect of filing the Notice of Equitable Lien. *But see* ORS 87.920 ("Except where filing of the document is specifically required or authorized by statute, no document filed for recording or otherwise with any public officer in this state before or after October 15, 1983, shall create a lien or encumbrance upon or affect the title to the real or personal property of any person or constitute actual or constructive notice to any person of the information contained therein.").

On appeal, the parties frame that same issue: whether "other provisional process" under ORCP 82 A(4) encompasses only *judicially authorized* provisional process, or whether it includes, as in this case, an act that was intended to circumvent the judicial process—*i.e.*, Boly's act of recording the lien notice without first following the requirements for "provisional process" set out in the Oregon Rules of Civil Procedure. For the reasons that follow, we conclude that ORCP 82 A(4) contemplates an attorney fee award in circumstances in which security has been posted as part of a judicially authorized issuance of provisional process; because no such judicial authorization occurred in this case, and no security was posted, we reverse the attorney fee award.[2]

The attorney fee award, once again, was based on ORCP 82 A(4). At the outset, we observe that ORCP 82 A concerns the "[s]ecurity required" in certain circumstances; it does not expressly authorize an attorney fee award in all circumstances. Subsection (4) of the rule, which is at issue here, serves as a limitation on the issuance of "other provisional process." That is, ORCP 82 A(4) ensures that, before such process "issues," the plaintiff has posted sufficient security to cover the costs, damages, and attorney fees that could result in the event that the provisional process is "wrongful." ORCP 82 A(4).

ORCP 82 A was promulgated in 1980 by the Council on Court Procedures and was adopted by the legislature in 1981. Or Laws 1981, ch 898, § 1. The rule, among other things, replaced parts of *former* ORS 32.020,[3] which had governed the issuance of preliminary injunctions and provided:

> "Before allowing the injunction, the court or judge shall require of the plaintiff an undertaking, with one or more sureties, to the effect that he will pay all costs and disbursements that may be decreed to the defendant, and such damages, not exceeding an amount therein specified, as he may

---

[2] Although our analysis of ORCP 82 A(4) differs somewhat from Boly's, the issues raised in this case nevertheless require that we correctly analyze the language of the rule. *See Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997) (when construing a statute, the court "is responsible for identifying the correct interpretation, whether or not asserted by the parties").

[3] The statute was repealed by Oregon Laws 1981, chapter 898, section 53.

sustain by reason of the injunction if the same be wrongful or without sufficient cause."

After the 1981 legislative changes, that same bonding requirement was instead incorporated in ORCP 82 A(1), which provides:

> "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs, damages, and attorney fees as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."

At the same time, the legislature adopted ORCP 82 A(4), which, except for applying to "other provisional process" as opposed to restraining orders and injunctions, contains language identical to ORCP 82 A(1). The purpose of subsection (4) was to make certain that security is required for all provisional process. *See* Council on Court Procedures, Staff Comment to ORCP 82 A (1980) ("Subsection A(4) is new and makes clear that a bond is required for all provisional process.").

As part of the same legislative changes, "provisional process" was defined in ORCP 81 A(9) to mean

> "attachment under Rule 84, claim and delivery under Rule 85, temporary restraining orders under Rule 83, preliminary injunctions under Rule 83, or any other legal or equitable judicial process or remedy which before entry of a judgment enables a plaintiff, or the court on behalf of the plaintiff, to take possession or control of, or to restrain use or disposition of, or fix a lien on property in which the defendant claims an interest, except an order appointing a provisional receiver under Rule 80 or granting a temporary restraining order or preliminary injunction under Rule 79."[4]

Each type of "provisional process" listed in that definition contemplates judicial involvement. Under ORCP 84, a plaintiff must obtain "an order under Rule 83 that provisional process may issue." Likewise, temporary restraining orders

---

[4] The current rule, which we cite, contains only minor variations from the original.

and preliminary injunctions under Rule 83 require court orders, and, somewhat tautologically, so does "any other legal or equitable *judicial* process or remedy." ORCP 81 A(9) (emphasis added). Thus, ORCP 82 A(4) plainly contemplates that any "provisional process" will first be authorized by the court and that, before such process issues, the court will require proper security from the plaintiff.

The text, context, and history of ORCP 82 A, therefore, belie the premise of Davis's argument: that subsection (4) of the rule authorizes attorney fees even if a party circumvents the judicial prerequisites for issuance of provisional process. Rather, that text, context, and history indicate that subsection (4) contemplates judicially authorized provisional process and, more specifically, that the prerequisite to that judicial authorization will be satisfied—namely, the furnishing of proper security.

To the extent that any doubt remains as to whether ORCP 82 A independently authorizes an attorney fee award in this circumstance—that is, where a court has not authorized the issuance of provisional process and no bond has been posted—case law discussing *former* ORS 32.020, and its similarly worded security requirement, is instructive. In *Egge v. Lane County*, 276 Or 889, 556 P2d 1372 (1976), the court addressed whether, in the absence of a bond, the county could nevertheless be held liable for wrongfully enjoining the plaintiff. The court explained:

> "The Oregon Legislature has not seen fit to require a bond by the county before allowing an injunction.[5] We are aware of no common law court which has, in the absence of an appropriate statutory mandate, held the state or county liable for wrongful injunction in the absence of a formal undertaking to indemnify. *There is nothing in ORS 32.020 to indicate that the statute was intended to do anything other than make mandatory the requirement of a bond, prior to granting injunction, which was previously discretionary with the courts of equity. It imposes upon the plaintiff-applicant no obligation for damages sustained by persons*

---

[5] Then, as now, ORS 22.010 provided that "[t]he state, or any county or incorporated city, shall not be required to furnish any bond or undertaking upon appeal or otherwise in any action or proceeding in any court in this state in which it is a party or interested."

> *wrongfully enjoined other than in the specified amount named in the bond and as required by the court."*

276 Or at 893 (footnote omitted; emphasis added).

The same can be said with respect to the current language in ORCP 82 A(4): Nothing in the text of the rule indicates that it was intended to do anything other than make mandatory the requirement of a bond before the issuance of "other provisional process." Thus, at most, ORCP 82 A(4) could be read to implicitly authorize the recovery of attorney fees where security has been posted pursuant to that rule;[6] it does not, however, operate as a blanket entitlement to attorney fees whenever a party wrongfully records a lien notice.

In this case, Boly never invoked the court's aid in recording the lien notice regarding Hulse's property. Indeed, Davis's complaint is that Boly, without following the requirements for provisional process—which would have required a court order and the posting of adequate security—instead recorded an equitable lien on his own. For the reasons discussed above, that circumstance does not trigger a substantive entitlement to attorney fees under ORCP 82 A(4).

In Case No. A140872, general judgment affirmed. In Case No. A135508, general judgment affirmed; supplemental judgment for attorney fees reversed.

---

[6] The parties do not address the more fundamental question whether ORCP 82 provides *any* substantive entitlement to attorney fees, and we need not address that question. *Compare Kennedy v. Wackenhut*, 41 Or App 275, 282, 599 P2d 1126, *modified on recons*, 42 Or App 435, 601 P2d 474 (1979) (stating that, in *Pearson v. Sigmund*, 263 Or 626, 503 P2d 702 (1972), the court construed *former* ORS 32.020 "as providing the substantive basis for a claim for the wrongful issuance of an injunction"), *with Egge*, 276 Or at 894-95 (suggesting that the substantive right to recover for wrongful issuance of a preliminary injunction flows from the bond itself rather than from the language of *former* ORS 32.020). Moreover, we emphasize that our holding is limited to whether attorney fees were authorized by ORCP 82 A(4) under the circumstances of this case. Davis did not assert, and the trial court did not consider, any other source of entitlement to attorney fees in the quiet title action.