**DIGINET, INC., Plaintiff,**

v.

**WESTERN UNION ATS, INC., a Delaware corporation, and City of Chicago, Defendants.**

**CITY OF CHICAGO, an Illinois municipal corporation, Cross–Claimant,**

v.

**WESTERN UNION ATS, INC., a Delaware corporation, Cross–Defendant.**

No. 91 C 0156.

United States District Court, N.D. Illinois, E.D.

Dec. 16, 1993.

Jacob J. Meister, Lavin & Waldon, P.C., Don R. Sampen, Martin, Craig, Chester & Sonnenschein, Chicago, IL, for plaintiff.

Thomas F. Geselbracht, John E. Mitchell, Rudnick & Wolfe, Chicago, IL, Patricia N. Young, MCI Communications Corp., Washington, DC, for Western Union ATS, Inc.

Kelly Raymond Welsh, Bennett W. Lasko, Stuart D. Fullerton, Ruth M. Moscovitch, City of Chicago, Law Dept., Corp. Counsel, Emily Nicklin, Kirkland & Ellis, Chicago, IL, for City of Chicago, Ill.

*MEMORANDUM OPINION AND ORDER*

HART, District Judge.

## *I.*

### *Introduction*

Diginet, Incorporated, the lessee of fiber optic circuits operated in the City of Chicago by defendant and cross-defendant Western Union ATS, Inc. ("ATS"), brought this diversity action for a declaration of its rights. It also named the City of Chicago as a defendant. Fiber optic cables of ATS are located under the streets of the City. The City had notified Diginet that ATS had no authority to lease fiber optic cables because it had no franchise from the City. No franchise had been granted because ATS disputed the City's demanded franchise fees. On the strength of the City's notice, Diginet withheld lease payments, and ATS threatened to cancel the lease. The City filed a cross-claim to restrain ATS from expanding its circuits without a franchise from the City. This court granted the City a preliminary injunction restraining ATS from expanding its system until the dispute was resolved. 759 F.Supp. 1285 (N.D.Ill.1991). The original dispute between Diginet Incorporated and ATS was resolved. ATS appealed from the preliminary injunction. The Court of Appeals for the Seventh Circuit reversed the preliminary injunction and resolved this case on the merits against the City. It held that, under Illinois law, the City did not have a right to condition street access to fiber optic cables on the payment of franchise fees. *Diginet, Inc. v. Western Union ATS, Inc.,* 958 F.2d 1388 (7th Cir.1992) (*"Diginet"*).

While this case was before the Court of Appeals for the Seventh Circuit there was pending before the Illinois Supreme Court the case of *AT & T v. Village of Arlington Heights,* 156 Ill.2d 399, 189 Ill.Dec. 723, 620 N.E.2d 1040 (1993) (*"AT & T"*), which also posed the question of the right of Illinois municipalities to demand franchise fees in exchange for rights-of-way under city streets. The Court of Appeals, in remanding the case to this court, instructed that final disposition of this case take into account the decision of the Illinois Supreme Court in the

*AT & T* case. Since *AT & T* had not been resolved, the Seventh Circuit left open the possibility that the Supreme Court of Illinois might disagree with its view of Illinois law.

The parties are now before this court on motions and cross motions for summary judgment, to amend the pleadings, for declaratory and injunctive relief and assessment of costs.

## II.

### *Effect of the Appellate Rulings*

■ This case has already been resolved on the merits by the Court of Appeals subject only to a contrary ruling by the Illinois Supreme Court in the *AT & T* case. This Court's authority is very narrow. *Barrow v. Falck*, 11 F.3d 729, 731–32 (7th Cir.1993). In *AT & T*, a telephone company sought to enjoin several municipalities from interfering with installation of fiber optic cable under public streets across the state. The Illinois Appellate Court upheld injunctive relief. After reversing itself on rehearing, the Supreme Court of Illinois held that cities could not condition consent to allow installation of cable under public streets on the payment of franchise fees. The Supreme Court of Illinois announced the same views first expressed by the Seventh Circuit in *Diginet.* The author of the Supreme Court opinion, in his original dissent, cited the Seventh Circuit opinion with approval. *See AT & T v. Village of Arlington Heights*, 1992 WL 356097 *17 (Dec. 4, 1992) (Heiple, J., dissenting), *superseded after rehearing, AT & T, supra.* His views later became the views of the majority of the Supreme Court. There is no conflict between *AT & T* and *Diginet.* The same legal analysis underlies both opinions.

■ The City argues, nevertheless, that it is entitled to require franchise fees for ATS's use and occupation of the streets notwithstanding the *Diginet* and *AT & T* opinions. It contends that *AT & T* can be distinguished

because there the fiber optic cables were only to pass through the municipalities, whereas here ATS seeks to serve customers by extensions within the city. The City relies on the fact that in its opinion the Supreme Court said that "[a]ll that plaintiffs seek here is to get from one side of town to the other." However, the City's position overlooks the rationale of the Supreme Court's opinion—that "municipalities do not possess proprietary powers over the public streets. They only possess regulatory powers." *AT & T*, 189 Ill.Dec. at 727, 620 N.E.2d at 1044. The court also stated that "[s]treets do not exist and were not created as either obstructions or revenue-producing property for municipalities." *AT & T*, 189 Ill.Dec. at 730, 620 N.E.2d at 1047. Any payment to which a city would be entitled could only be for actual regulatory costs, including inspection, regulatory, administrative and repair costs associated with the tunneling under public streets.

Moreover, the City's position is directly contrary to *Diginet.* The Court of Appeals stated clearly that "neither is the impact here purely local." *Diginet*, 958 F.2d at 1400. Given the statewide and interstate character of the service ATS renders, it is not possible to carve out the exception for which the City contends, at least within the fiber optic cable business.

Accordingly, the City's claims for past and future franchise fees must be denied, and ATS is entitled to a declaration that the City may not withhold access to the streets because of failure on the part of ATS to pay any franchise fees.

There is also pending before the Court a petition of ATS for damages because of the effects of the preliminary injunction.[1] The parties are directed to meet to resolve or clarify any issues with respect to this matter.

IT IS THEREFORE ORDERED AS FOLLOWS:

---

1. A damages claim for a wrongful injunction is separate and distinct from the merits of the case. A judgment on the merits of the case may, and probably should, be entered prior to the resolution of the wrongful injunction claim. *See Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1056 (2d Cir.1990); *Olin*

*Water Services v. Midland Research Laboratories, Inc.*, 774 F.2d 303, 308 (8th Cir.1985); *American Bible Society v. Blount*, 446 F.2d 588, 594–95 (3d Cir.1971); *Rocky Mountain Timber Corp. v. Federal Insurance Co.*, 502 F.Supp. 433, 435 (D.Or. 1980).

1. The motion of ATS for summary judgment [170–1] is granted and the motion of the City for partial summary judgment [178–1] is denied.

2. The Clerk of the Court is directed to enter judgment as follows:

A. Granting declaratory relief to Western Union ATS on its cross-complaint as follows:

(1) The City of Chicago does not have a right to withhold access to the City streets because of refusal on the part of ATS to pay franchise fees or to negotiate for a franchise requiring the payment of franchise fees.

(2) The only charges the City of Chicago may seek to collect from ATS in connection with the installation of fiber optic cables under the streets of the City are for actual regulatory costs for inspection, regulation, administration and repairs associated with tunneling under public streets.

B. Denying the City's cross-claim against ATS for future and past franchise fees with prejudice.

C. Dismissing Diginet, Inc.'s cause of action without prejudice.

3. All pending motions to amend [168–1] and for injunctive relief [166–1] are denied. Scheduling motions [172–1, 2, 3] are denied as moot.

4. This case is set for status on December 28, 1993 at 9:15 a.m. to consider ATS's motion with respect to injunctive damages [162–1].