**QUALCOMM, INCORPORATED,
Plaintiff,**

v.

**MOTOROLA, INC. and Safeco Insurance
Company of America, Defendant.**

**No. 97cv1738 J(RBB).**

United States District Court,
S.D. California.

April 6, 1998.

David Kleinfeld, Mark Paulson, Pillsbury, Madison & Sutro, San Diego, CA, for Plaintiff.

Jerry Coughlan, Coughlan, Semmer & Lipman, San Diego, CA, Linda Resh, Robert Krupka, Kirkland & Ellis, Chicago, IL, for Defendant.

## ORDER DENYING MOTOROLA'S MOTION TO DISMISS QUALCOMM'S COMPLAINT

JONES, District Judge.

This matter comes before the Court on Motorola's motion to dismiss Qualcomm's complaint.

## I. BACKGROUND

On March 10, 1997, Motorola filed a trademark, trade dress, and patent infringement suit against Qualcomm. That lawsuit was originally filed in Illinois and subsequently transferred to this Court, where it was given case number 97cv615. Motorola then applied to the Court for a temporary restraining order against Qualcomm, which this Court granted on April 10, 1997.[1] The Court ordered Motorola to post a $10,000 bond pursuant to Federal Rule of Civil Procedure 65(c). On April 15, 1997, the Court entered an order granting Qualcomm's motion to increase the amount of the bond to $25,000. Motorola subsequently posted a $25,000 bond issued by Defendant Safeco as surety.

On April 24, 1997, the Court denied Motorola's request for a preliminary injunction against Qualcomm because the Court found Motorola did not have a likelihood of success on the merits of its claims, thereby dissolving the TRO. On January 16, 1998, the United States Court of Appeals for the Federal Circuit affirmed this Court's order denying Motorola's request for a preliminary injunction.

On September 24, 1997, Qualcomm filed the instant lawsuit, 97cv1738, against Motorola and Safeco Insurance Company to recover on the bond posted in conjunction with the TRO. Motorola now moves to dismiss Qualcomm's complaint for failure to state a claim upon which relief can be granted. Motorola argues that, "Qualcomm's complaint—which seeks to recover on the injunction bond posted by Motorola and provided by defendant Safeco Insurance Company of America in a related·pending case—is premature because there has not been an ultimate decision on the merits in that case." (Mem. at 2). Qualcomm has filed an opposition to the instant motion and Motorola has filed a reply. Defendant Safeco has filed a notice of joinder in Motorola's instant motion to dismiss.

---

1. The Court's order granting the TRO restrained Qualcomm from: (1) manufacturing, selling, offering for sale or distributing the "Q" phone; (2) using any confidential information of Motorola which concerns Motorola's '598 design patent covering the StarTAC phone; and (3) using any reproduction, counterfeit, copy or colorable imitation of, or confusingly similar design to the Motorola StarTAC design in connection with the sale, offering for sale, distribution, or advertising of any products or services.

## II. ANALYSIS

### A. Standard for Motion to Dismiss for Failure to State a Claim

Motorola brings its instant motion pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a defendant may bring a motion to dismiss the complaint for "failure to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). In order to withstand a motion to dismiss, there must be a finding that the complaint gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). A dismissal is warranted where "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Id.* at 45–46, 78 S.Ct. at 102. The complaint should he liberally construed in favor of the plaintiff, and its factual allegations taken as true. *Oscar v. Univ. Students Co-operative Ass'n.*, 965 F.2d 783, 785 (9th Cir.1992).

Under Federal Rule of Civil Procedure 12(b)(6), dismissal for failure to state a claim is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court looks not at whether the plaintiff will "ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim, a complaint cannot be dismissed. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

### B. Application to the Instant Case

Motorola's motion argues that Qualcomm's request to recover on the injunction bond prior to an ultimate decision on the merits in the 97cv615 case is premature.

Federal Rule of Civil Procedure 65(c) states, in pertinent part:

No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

In the instant case, Qualcomm's action to recover on a bond stems from the fact that the Court ultimately denied Motorola's request for a preliminary injunction, when it had previously granted Motorola's request for a TRO. Thus, Qualcomm's instant complaint seeks to recover for having been enjoined by the TRO.

■ In the Ninth Circuit, a plaintiff states a cause of action for recovery on a temporary restraining order bond posted pursuant to Federal Rule of Civil Procedure 65(c) when that plaintiff pleads: (1) existence of the bond; (2) wrongful issuance of the restraining order; and (3) damage to the restrained party resulting from the restraining order. *Buddy Systems, Inc. v. Exer–Genie, Inc.*, 545 F.2d 1164, 1169 n. 10 (9th Cir.1976), *cert. denied*, 431 U.S. 903, 97 S.Ct. 1694, 52 L.Ed.2d 387 (1977).[2]

■ Here, the parties are not disputing whether the first and third elements are met. Rather, the parties disagree as to whether there has been a finding that Qualcomm was wrongfully enjoined. According to Motorola, "Qualcomm cannot recover on the bond until a court decides it was wrongfully enjoined."

---

**2.** In the instant case, Qualcomm has sufficiently plead a claim for recovery on a bond. First, Qualcomm alleges the existence of the $25,000 bond. (Complaint at ¶ 17). Next, as Qualcomm notes, "Qualcomm alleges that Motorola failed to establish a likelihood of success on the merits of its claims at the preliminary injunction hearing, and thus Qualcomm was wrongfully enjoined by the Temporary Restraining Order—i.e., the restraining order was wrongfully issued." (Opp. at

4) (citing Complaint at ¶¶ 18, 20). Finally, Qualcomm's complaint enumerates the damages Qualcomm allegedly suffered and continues to suffer as a result of the TRO. Accordingly, the Court should find that Qualcomm has sufficiently plead a claim for recovery on the bond. The parties do not seem to dispute that Qualcomm's pleading is sufficient; rather, Motorola alleges that Qualcomm's request is premature.

(Mem. at 3). Qualcomm does not appear to dispute this point. Where the parties disagree is regarding whether there has been a finding that Qualcomm was wrongfully enjoined. Motorola's theory is that the Court's refusal to issue a preliminary injunction does not constitute a finding that Qualcomm was wrongfully enjoined by the issuance of the TRO. Motorola argues that Qualcomm cannot recover on the injunction bond until there is a finding on the merits or a final judgment in Qualcomm's favor in the 97cv615 case. Motorola, then, would have Qualcomm wait for a "final resolution" of the 97cv615 case before filing an action to recover on the bond. (Reply at 2). Motorola's belief is that, because it seeks a permanent injunction against Qualcomm in the 97cv615 case, the Court's denial of the preliminary injunction is not the last word on whether Qualcomm was wrongfully enjoined by the issuance of the TRO.

> Qualcomm disagrees, stating that:

> Qualcomm's claim for recovery on the bond is not premature because it has been finally determined that Qualcomm was wrongfully enjoined and that Motorola was not entitled to the temporary restraining order. In fact, the Federal Circuit summarily affirmed this Court's Order denying Motorola's request for a preliminary injunction, finding that Motorola was not entitled to injunctive relief because it had not demonstrated a likelihood of success on the merits.

(Opp. at 2). Thus, according to Qualcomm, the Court's refusal to issue a preliminary injunction based on Motorola's failure to demonstrate likelihood of success on the merits necessarily means that the Court found Qualcomm was wrongfully enjoined by the TRO. The Court agrees with Qualcomm Qualcomm's opposition notes that:

> Unlike a temporary restraining order, a preliminary injunction generally remains in place until the litigation is concluded, and thus, unless reversed on appeal, the wrongfulness inquiry usually awaits an ultimate decision on the merits or a final judgment in the action. In contrast, a temporary restraining order only remains in place until the hearing on the preliminary injunction and if the plaintiff fails to

carry its burden at the hearing—e.g., demonstrate a likelihood of success on the merits—it is finally determined that the plaintiff was not entitled to *any* provisional injunctive relief and that the defendant was wrongfully enjoined.

(Opp. at 7). The Court believes Qualcomm's argument makes better sense. Motorola is correct in its assertion that it may be awarded permanent injunctive relief at the conclusion of the 97cv615 case. It may even be awarded injunctive relief in the same scope as that sought in the proposed preliminary injunction. However, the Court fails to see how such an award would necessarily translate into a finding that Qualcomm had not been wrongfully enjoined by the TRO. In the instant case, Qualcomm seeks relief pertaining to the issuance of the TRO in the 97cv615 case. At this point in the litigation, it is unclear what the scope of any permanent injunctive measures might be awarded to Motorola. It is clear, however, that the Court found that Qualcomm had been wrongfully enjoined by the issuance of the TRO, as evidenced by the Court's refusal to issue a preliminary injunction and resulting dissolution of the TRO.

Although the Ninth Circuit has not directly addressed this issue, a district court in Oregon has issued an opinion directly on point. In *Rocky Mountain Timber Corp. v. Federal Ins. Co.*, 502 F.Supp. 433 (D.Or.1980), the state court had issued a temporary restraining order which was subsequently dissolved when the plaintiff failed to carry its burden at the preliminary injunction hearing. On an action in federal court to recover the bond issued in connection with the TRO, the defendant argued that plaintiffs request was premature because the merits of the case in which the injunction was sought had yet to be decided. *Id.* at 435. The court found that the action was not premature, noting that:

> The remainder of the lawsuit now pending is unrelated to the issue of injunctive relief. Nothing will be gained by waiting until that case is resolved before allowing the wrongful injunction action to proceed. I consider the state courts decision on the preliminary injunction to be a final decision on the merits for the purposes of this

action. Therefore, I conclude that this action is not premature.

*Id.* This Court agrees with the reasoning and decision of the Oregon district court. This Court's denial of Motorola's motion for a preliminary injunction, and resulting dissolution of the TRO necessitates the conclusion that Qualcomm was indeed wrongfully enjoined by the TRO. Accordingly, this Court hereby finds that Qualcomm's complaint is not premature and DENIES Motorola's motion to dismiss Qualcomm's complaint.

**IT IS SO ORDERED.**