QUALCOMM, INC., Plaintiff,

v.

MOTOROLA, INC. and Safeco Insurance Co. of America, Defendant.

No. 97CV1738J (RBB).

United States District Court,
S.D. California,
San Diego Division.

Jan. 14, 1999.

David E. Kleinfeld, Pillsbury, Madison and Sutro, San Diego, CA, for plaintiff.

Raymond J. Coughlan, Jr., Coughlan, Semmer and Lipman, San Diego, CA, for defendants.

## ORDER GRANTING QUALCOMM'S MOTION FOR PARTIAL SUMMARY JUDGMENT

JONES, District Judge.

This matter comes before the Court on motion by Plaintiff Qualcomm for partial summary judgment on the issue of the liability of Defendants Motorola and Safeco Insurance Company of America on the temporary restraining order ("TRO") bond. The Court has received and considered Qualcomm's motion. Motorola's opposition, Safeco's joinder to Motorola's opposition, and Qualcomm's reply. Pursuant to Local Rule 7 1, the Court found the matter suitable for disposition without oral argument, notified the parties, and took the matter under submission.

Having considered the papers and exhibits submitted, the Court hereby **GRANTS** Qualcomm's motion for partial summary judgment on the issue of Motorola's and Safeco's liability.

## I. PROCEDURAL HISTORY

The procedural history of this case not only involves the papers filed under

97cv1738J (RBB) (the instant case), but also those filed under 97cv615J (RBB) On April 7, 1997, Motorola filed a complaint against Qualcomm under case no. 97cv615J (RBB) for trademark, trade dress and patent infringement. Motorola also applied for a TRO, and Qualcomm filed an opposition to this application. The Court granted Motorola's motion for a TRO and restrained Qualcomm from the following actions:

(1) manufacturing, selling, offering for sale or distributing the "Q" phone;

(2) using any confidential information of Motorola which concerns Motorola's '598 design patent[1] covering the StarTAC® phone; and

(3) using any reproduction, counterfeit, copy or colorable imitation of, or confusingly similar design to the Motorola Star-TACT® design in connection with the sale, offering for sale, distribution, or advertising of any products or services

(97cv615J (RBB) Docket no 10, filed April 10, 1997).[2] This TRO was issued on April 10, 1997 and was to remain in effect until April 23, 1997. *Id.* at p. 15. On April 16, 1997, Motorola posted a bond of $25,000,000 (twenty-five million dollars) for the TRO which was issued by Defendant Safeco. (97cv615J (RBB) Docket no. 31). After a hearing, the Court denied Motorola's request for a preliminary injunction. (97cv615J (RBB) Docket no 88, filed April 24, 1997). This Court's decision to deny Motorola's request for a preliminary injunction was affirmed by the United States Court of Appeals for the Federal Circuit on January 16, 1998. (97cv615J (RBB) Docket no. 155 (Spreading of mandate held on April 2, 1998)).

This instant case. 97cv1738J (RBB), was filed on September 24, 1997 by Qualcomm against Motorola (97cv1738 Docket no. 1).[3] In this complaint, Qualcomm seeks to recover the TRO bond paid by Motorola in the 97cv615J (RBB) case. Motorola filed a motion to dismiss Qualcomm's complaint in case no 97cv1738J (RBB), which this Court denied. (97cv1738J (RBB) Docket no. 11, filed on April 6, 1998).

Qualcomm now seeks partial summary judgment on the issue of Motorola and Safeco's liability on the TRO bond issued in the 97cv615J (RBB) case.

## II. LEGAL STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Under Fed.R.Civ.P. 56(a) and (b), a court may render summary judgment in favor of a party "upon all or any part thereof," which provides courts with a tool to dispose of portions of a claim or a defense. Moreover, a court may grant summary judgment "on the issue of liability alone although there is a genuine issue as to the amount of damages." FED.R.CIV.P. 56(c).

The Court may grant partial summary judgment upon a showing that there is "no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law."[4] FED.R.CIV.P. 56(c). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

1. Motorola holds a design patent no 369,598 ("the '598 patent") which covers Motorola's StarTAC® phone.

2. A court may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED.R.EVID. 201(b). The Court takes judicial notice of the documents filed in the docket of 97cv615J (RBB).

3. A court may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED.R.EVID. 201(b).

The Court takes judicial notice of the documents filed in the docket of 97cv1738J (RBB).

4. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...."); *id.* at 327, 106 S.Ct. 2548 ("Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'") (citations omitted).

The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). If the moving party meets this initial burden of production, then the burden shifts to the nonmoving party to show that summary judgment is not appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## III. ANALYSIS

### A. Introduction

■ The Ninth Circuit has held that in order for a party to recover a bond posted pursuant to Fed.R.Civ.P. 65(c),[5] the enjoined party must make a showing as to the following three items: (1) existence of a bond; (2) wrongful issuance of the injunction; and (3) monetary damages. *Buddy Systems, Inc. v. Exer–Genie, Inc.*, 545 F.2d 1164, 1169, n. 10 (9th Cir.1976). "Wrongfully enjoined" has been defined by the Ninth Circuit as situations "when it turns out the party enjoined had the right all along to do what it was enjoined from doing." *Nintendo of America, Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir.1994).

### B. Central Issue and the Parties' Arguments

The central dispute between the parties is whether Qualcomm was "wrongfully enjoined." Neither party disputes that a bond existed in the (97cv615J (RBB)) case, and the issue of the extent of the monetary damages incurred by Qualcomm during the period of time the TRO will be decided at a later time.

The parties dispute the appropriate timing of determining whether a party has been wrongfully restrained Qualcomm believes that the fact that Motorola was granted a TRO but then denied a preliminary injunction requires a finding that Qualcomm was wrongfully restrained. Motorola, on the other hand, believes that a determination that Qualcomm was wrongfully restrained cannot be made until a final judgment on the merits of its claims in the 97cv615 case have been made, and it believes that the Court's decision in the preliminary injunction order was not a final decision on the merits.

### B. Definition of "wrongfully restrained"

As this case involves a TRO rather than a preliminary injunction, the proper term is "wrongfully restrained" rather than "wrongfully enjoined."[6] *See Nintendo*, 16 F.3d at 1036, n. 3. Based on the discussion below, this Court finds that the proper terminology is crucial

■ When the Ninth Circuit defined "wrongfully enjoined" in its decision in *Nintendo*, the Court recognized that it was addressing a situation which involved a preliminary injunction rather than a TRO. *See Nintendo*, 16 F.3d at 1036, n. 3 ("Because this case involves a preliminary injunction rather than a temporary restraining order, we use the term 'wrongfully enjoined' rather than wrongfully restrained."). Unfortunately, the Ninth Circuit has never defined "wrongfully restrained" although it has defined "wrongfully enjoined" as mentioned above. *See Nintendo*, 16 F.3d at 1036. This Court finds that a party is "wrongfully restrained" when a contested TRO is dissolved because the party seeking the preliminary injunction fails to carry its burden at the preliminary injunction hearing.

A TRO is issued to preserve the status quo before a preliminary injunction hearing may be held. SCHWARZER, TASHIMA, & WAGSTAFFE, *Federal Civil Procedure Before Trial* § 13 11 (1998). Generally, a TRO only remains in effect until the hearing on the preliminary injunction. *Id.* In contrast, a preliminary injunction "is a provisional remedy issued prior to final disposition of the litigation." *Id.* at § 13:8. It is a "device for preserving

---

5. Fed.R.Civ.P. 65(c) states that "[n]o restraining order ... shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."

6. The Court notes that in its order denying Motorola's motion to dismiss, it inaccurately used the term wrongfully enjoined when the more accurate term is wrongfully restrained.

the status quo and preventing the irreparable loss of rights before judgment." *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir.1984). The Ninth Circuit's definition that "wrongfully enjoinment" is only determined "when a party enjoined had the right *all along* to do what it was enjoined from doing" correlates with the concept that a preliminary injunction is intended to protect "loss of rights *before judgment*" and to last until a final judgment is reached. *Nintendo*, 16 F.3d at 1036; *Sierra On–Line*, 739 F.2d at 1422.

A TRO, however, has a purpose different than that of a preliminary injunction. As such, the definition of "wrongfully restrained" should equate with the proper function of a TRO, rather than a preliminary injunction. When a court denies a preliminary injunction after it has granted a contested TRO, the restrained party has been "wrongfully restrained," given that a TRO is only intended to last until a preliminary injunction hearing is held. *See Rocky Mountain Timber Corp. v. Federal Ins. Co.*, 502 F.Supp. 433 (D.Or.1980); WRIGHT, MILLER & KANE *Federal Practice and Procedure*, § 2972 (1995 ed) (a "final determination may take the form of ... the failure to carry the burden of proof at the hearing on the preliminary injunction.").

■ Accordingly, the Court finds that Qualcomm was wrongfully restrained within the meaning of Fed.R.Civ.P. 65(c). Motorola was initially given a TRO against Qualcomm but then denied a preliminary injunction because the Court found that Motorola failed to establish that it has a likelihood of success on the merits of its claims of design patent infringement and trade dress infringement. The Court finds that there are no genuine issues as to any material fact that Qualcomm was wrongfully restrained and that Qualcomm is entitled to judgment as a matter of law on the issue of Motorola and Safeco's liability on the bond. The Court **GRANTS** Qualcomm's motion for partial summary judgment on the issue of Motorola's and Safeco's liability on the bond.

In reaching this conclusion, the Court emphasizes that it is not making any finding on the extent of Qualcomm's damages as a result of being wrongfully restrained. This issue was not before the Court, and the Court declines to express any views on the issue of damages.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Qualcomm's motion for partial summary judgment on the issue of Motorola's and Safeco's liability on the bond.

**IT IS SO ORDERED.**